UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BERNARDINO GINO SANDOVAL,

                Plaintiff,

v.

MIKE R. OBENLAND, et al.,

                Defendants.

CASE NO. 3:17-cv-5667-RJB-DWC

ORDER ON REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Report and Recommendation of United States Magistrate Judge David W. Christel. Dkt. 26. The Court has considered the R&R, Plaintiff's Objections, and the remainder of the file herein.

The R&R recommends that Jane and John Doe defendants be dismissed without prejudice, based on (1) Plaintiff's failure to respond to a court order, and (2) Plaintiff's failure to provide identifying information of the Jane and John Doe defendants needed for the court to serve the defendants. Dkt. 26 at 1. The R&R observed that on February 22, 2018, Plaintiff was warned that the failure to provide identifying information by March 23, 2018 could result in dismissal. *Id*. at 2. The R&R noted that, though discovery began on February 1, 2018, "Plaintiff

has not indicated he has attempted to obtain the identities of the Doe Defendants through discovery." *Id*.

Plaintiff's Objections point to discovery efforts not previously developed by the record. *See* Dkt. 32. Plaintiff represents that he requested discovery of defense counsel for the identifications of "WDOC-I&I unit officials" on January 8, 2018. *Id*. at 2. According to Plaintiff, defense counsel responded on January 10, 2018, by indicating that she was "still in the process of obtaining records," and on January 24, 2018, by indicating that "their [*sic*] was no investigation by I&I[.]" *Id*. Plaintiff has construed this discovery response as "circumvent[ing] the request intentionally[,]" because Plaintiff's request was for "identifications of I&I" for the purpose of service of process. *Id*. Plaintiff separately served a discovery request for production of documents on March 30, 2018. *Id*. Plaintiff also represents that his current status as an incarcerated person at the Maleng Regional Justice Center in Kent, Washington, has made it difficult to obtain discovery. *Id*.

In general, "the use of 'John Doe' to identify a defendant is disfavored," but "where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999), citing *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) (internal quotations omitted.)

Applied here, Plaintiff has made a showing of ongoing discovery efforts to identify the unknown defendants. Although Plaintiff's showing is untimely, Plaintiff should be afforded the chance to pursue discovery to identify the Jane and John Doe defendants.

The Court respectfully DECLINES TO ADOPT the Report and Recommendation (Dkt. 26). Dismissal of the Jane and John Doe Defendants is not warranted at present.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of May, 2018.

*[signature]*

ROBERT J. BRYAN
United States District Judge