SENIOR DISTRICT JUDGE ROBERT J. BRYAN
MAGISTRATE JUDGE DAVID W. CHRISTEL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNARDINO GINO SANDOVAL,<br><br>Plaintiff,<br><br>v.<br><br>MIKE R OBENLAND, et al.,<br><br>Defendants. | NO. 3:17-cv-05667-RJB-DWC<br><br>DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION |

The Defendants respectfully file their response to Sandoval's Motion for Preliminary Injunction. ECF No. 36.

### I. INTRODUCTION

Sandoval alleges the Defendants have violated his constitutional right to marry former fellow inmate Alan French because the Department's previous marriage policy required that the prospective spouse be on the inmate's approved visitor list. Since Sandoval's release from Department custody on July 14, 2017, neither he nor French made any attempt to submit a marriage application under the revised policy. A policy which did not prevent their ability to marry. Sandoval is now in the King County jail because he has since been arrested and charged

DEFENDANTS' RESPONSE TO MOTION
FOR PRELIMINARY INJUNCTION
No. 3:17-cv-05667-RJB-DWC

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

with Assault in the First Degree-Domestic Violence against a roommate with whom he was engaged in a "romantic" relationship. ECF No. 30-1.

Sandoval now files a motion for a preliminary injunction asking the Court order the Defendants to "cease and desist the continuation of discrimination of same sex marriage in the Washington State Department of Corrections." ECF No. 36 at 1. Because Sandoval cannot meet the heavy burden required of a Preliminary Injunction, the Court should deny his frivolous motion.

## II. RESPONSE

### A. Preliminary Injunction Standard

Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 9 How. 10, 33 (1850)); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The party seeking injunctive relief must also "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* (emphasis in original). The Supreme Court has clarified that to obtain preliminary injunctive relief, the party must show:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in his favor, and that an injunction is in the public interest.

*Winter*, 555 U.S. at 20.

Injunctions are disfavored and "not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979) (quoting *Clune v. Publishers' Ass'n of New York City*, 214 F. Supp. 520, 531 (S.D.N.Y. 1963)). This caution applies even more strongly in cases involving the administration of state prisons.

DEFENDANTS' RESPONSE TO MOTION
FOR PRELIMINARY INJUNCTION
No. 3:17-cv-05667-RJB-DWC

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

*Turner v. Safley*, 482 U.S. 78, 85 (1987) ("Prison administration is, moreover, a task that has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns counsels a policy of judicial restraint. Where a state penal system is involved, federal courts have … additional reason to accord deference to the appropriate prison authorities."); *Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000).

**B.     Sandoval Fails to Meet His Heavy Burden Showing that an Injunction is Warranted**

First, Sandoval is unlikely to succeed on his right to marry claim. He makes a conclusory argument that the marriage policy prevents same sex marriages but provides no actual evidence to support his allegations. There is nothing in policy that prohibits same sex marriage. Moreover, there is nothing in the current policy which prevented Sandoval from fulfilling his wish of marrying inmate Alan French. Sandoval was released from Department custody on July 14, 2017. Declaration of Patty Willoughby in Support of Defendants' Response to Plaintiff's Motion for a Preliminary Injunction. Throughout his pleadings, Sandoval provides no evidence that he or French made any attempt to marry during the eight months before Sandoval was arrested. Sandoval presents no evidence to show he obtained a marriage license or made any other affirmative step to actually marry French. Sandoval also fails to point to any actual wording in the current policy which prohibits or would have prohibited his ability to marry French since his release.

Additionally, while Sandoval has a fundamental right to marriage, that right is "subject to substantial restrictions as a result of incarceration." *Turner*, 482 U.S. at 95. "No doubt security concerns may justify requiring the approval of the Superintendent." *Id.* at 98. Penological interests in ensuring compliance with the Prison Rape Elimination Act and having to move and separate inmates involved in romantic relationships are rationally related concerns. Accordingly, Sandoval is not likely to succeed on the merits of his claims and the Court should deny his motion.

///

DEFENDANTS' RESPONSE TO MOTION
FOR PRELIMINARY INJUNCTION
No. 3:17-cv-05667-RJB-DWC

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

Secondly, Sandoval is unlikely to suffer irreparable harm if a preliminary injunction is not granted. Other than his self-imposed stay in jail, Sandoval provides no evidence to show he is unable to marry French under the current policy and he failed to make any attempt to move forward with a marriage during the eight months he had the opportunity.

Third, the balance of equities does not tip in Sandoval's favor as requiring the Department facilitate marriages between two incarcerated inmates would be a clear drain on Department resources. Finally, permitting incarcerated inmates to marry regardless of legitimate penological concerns is not in the public's interest. The public has no interest in using additional state resources to separate married inmates. Accordingly, Sandoval's request for injunctive relief should be denied.

### III. CONCLUSION

Sandoval has failed to meet his heavy burden for a preliminary injunction; therefore, his request should be denied.

RESPECTFULLY SUBMITTED this 30th day of May, 2018.

ROBERT W. FERGUSON
Attorney General

s/ Candie M. Dibble
CANDIE M. DIBBLE, WSBA #42279
Assistant Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
CandieD@atg.wa.gov

DEFENDANTS' RESPONSE TO MOTION
FOR PRELIMINARY INJUNCTION
No. 3:17-cv-05667-RJB-DWC

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendants' Response to Motion for Preliminary Injunction to be electronically filed with the Clerk of the Court using the CM/ECF system, and I certify that I mailed by United States Postal Service the document to the following non CM/ECF participants:

BERNADINO G. SANDOVAL BA #218007343
MALENG REGIONAL JUSTICE CENTER
DEPT. OF ADULT DETENTION
620 WEST JAMES STREET
KENT, WA 98032

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 30th day of May, 2018, at Spokane, Washington.

s/ Patty Willoughby
PATTY WILLOUGHBY
Legal Assistant III
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
PattyW@atg.wa.gov

DEFENDANTS' RESPONSE TO MOTION
FOR PRELIMINARY INJUNCTION
No. 3:17-cv-05667-RJB-DWC

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123