SENIOR DISTRICT JUDGE ROBERT J. BRYAN
MAGISTRATE JUDGE DAVID W. CHRISTEL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNARDINO GINO SANDOVAL,<br><br>                      Plaintiff,<br><br>v.<br><br>MIKE R OBENLAND, et al.,<br><br>                      Defendants. | NO. 3:17-cv-05667-RJB-DWC<br><br>DEFENDANTS' RESPONSE TO MOTION FOR DECLARATORY JUDGMENT |

The Defendants respectfully file their response to Sandoval's Motion for declaratory Judgment. ECF No. 40.

## I. INTRODUCTION

Sandoval alleges the Defendants have violated his constitutional right to marry former fellow inmate Alan French because the Department's previous marriage policy required that the prospective spouse be on the inmate's approved visitor list. Since Sandoval's release from Department custody on July 14, 2017, neither he nor French have made any attempt to submit a marriage application under the revised policy. A policy which does not prevent their ability to marry. Sandoval is now in the King County jail because he has since been arrested and charged

DEFENDANTS' RESPONSE TO MOTION
FOR DECLARATORY JUDGMENT
No. 3:17-cv-05667-RJB-DWC

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

with Assault in the First Degree-Domestic Violence against a roommate with whom he was engaged in a "romantic" relationship. ECF No. 30-1.

Sandoval now files this motion for a declaratory judgment asking the Court find the Department's previous marriage policy unconstitutional. ECF No. 36 at 1. Because Sandoval cannot meet the heavy burden required of a Preliminary Injuction, the Court should deny his frivolous motion.

## II.     RESPONSE

In support of his motion, Sandoval cites to a Third Circuit holding a declaratory judgment was proper where the Defendant had been required to change its actions as a result of a Court order. *Main Road v. Aytch*, 565 F.2d 54, 59 (3rd Cir. 1977). That is not the case here. There is no evidence the Department removed its visitation requirement as part of a Court order and its previous policy was found to be constitutionally adequate by this Court.

On the contrary, Sandoval's declaratory relief request is moot because he is no longer in the Department of Corrections' custody. In fact, Sandoval waited to file this lawsuit after his release. Sandoval's claims seeking declaratory or injunctive relief are moot because he is no longer subject to the prison policy he challenges, a policy which is no longer in place. Any declaratory or injunctive relief ordered in Sandoval's favor "would have no practical impact" on his rights and "would not redress in any way the injury he originally asserted." *Incumma v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) *cert. denied*, 553 U.S. 1007 (2008). The fact that Sandoval may return to Department custody is "too speculative a basis" to determine that Sandoval's claims are capable of repetition. *Alvarez v. Hill*, 667 F.3d 1061, 1065 (9th Cir. 2012). *See United States v. Howard*, 480 F.3d 1005, 1009 (9th Cir. 2007) ("acknowledg[ing] that we cannot assume that criminal conduct will be recurring on the part of these defendants"); *Reimers v. Oregon*, 863 F.2d 630, 632 & n. 4 (9th Cir. 1988) (holding that plaintiff, who had been released from prison, had no reasonable expectation of returning to custody because such a return would occur only if he committed an additional criminal act, but he was "able, and indeed is required

DEFENDANTS' RESPONSE TO MOTION
FOR DECLARATORY JUDGMENT
No. 3:17-cv-05667-RJB-DWC

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

by law, to prevent this from occurring"); cf. *O'Shea v. Littleton*, 414 U.S. 488, 495–97 (1974) (holding that plaintiffs failed to allege an actual or threatened injury by asserting that they might be subject to the challenged criminal justice system in the future; anticipating whether and when a party will be charged with a crime is too speculative and conjectural, and the court assumes, in any event, that plaintiffs "will conduct their activities within the law and so avoid prosecution and conviction").

### III. CONCLUSION

Sandoval's motion for declaratory relief should be denied and the Court should find his request for such relief moot since he is no longer in the Department of Corrections' custody.

RESPECTFULLY SUBMITTED this 31st day of May, 2018.

ROBERT W. FERGUSON
Attorney General

s/ Candie M. Dibble
CANDIE M. DIBBLE, WSBA #42279
Assistant Attorney General
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
CandieD@atg.wa.gov

DEFENDANTS' RESPONSE TO MOTION
FOR DECLARATORY JUDGMENT
No. 3:17-cv-05667-RJB-DWC

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Defendants' Response to Motion for Declaratory Judgment to be electronically filed with the Clerk of the Court using the CM/ECF system, and I certify that I mailed by United States Postal Service the document to the following non CM/ECF participants:

BERNADINO G. SANDOVAL BA #218007343
MALENG REGIONAL JUSTICE CENTER
DEPT. OF ADULT DETENTION
620 WEST JAMES STREET
KENT, WA 98032

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 31st day of May, 2018, at Spokane, Washington.

s/ Patty Willoughby
PATTY WILLOUGHBY
Legal Assistant III
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123
PattyW@atg.wa.gov

DEFENDANTS' RESPONSE TO MOTION
FOR DECLARATORY JUDGMENT
No. 3:17-cv-05667-RJB-DWC

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123