UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BERNARDINO GINO SANDOVAL,

    Plaintiff,

v.

MIKE R OBENLAND, et al.,

    Defendants.

CASE NO. 3:17-CV-05667-RJB-DWC

ORDER ON MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Bernardino Gino Sandoval's "Motion and Order to Compel Discovery and Disclosure to Defendant Bernard E. Warner and to Show Cause" ("Motion to Compel") and "Motion, Affidavit, and Order for Extension of Time" ("Motion for Extension"). Dkt. 48, 56. After consideration of the relevant record, the Motion to Compel (Dkt. 48) is granted-in-part and the Motion for Extension (Dkt. 56) is granted.

**I.    Motion to Compel (Dkt. 48)**

On June 28, 2018, Plaintiff filed the Motion to Compel requesting the Court order Defendant Bernard Warner to produce:

1. The names of the department in charge of classification who transferred Plaintiff in the Department of Corrections ("DOC") headquarters;
2. The names of all Intelligence & Investigation ("I & I") officials in the DOC headquarters;
3. The names of the individuals from I & I who saved the authorization to transfer Plaintiff between June and July of 2014;
4. Plaintiff's marriage application;
5. Counselor Miles Lawson's e-mails to Superintendent Obenland and Ms. Diimmel between June and August 2014;
6. Documents regarding Plaintiff from "WDOC-OMNI" between July and July 2014.
7. Requested grievances;
8. E-mail from Mailroom Sergeant to "unknown" regarding Plaintiff's request for Mr. French's birth certificate from the hospital; and
9. Prison Rape Elimination Act ("PREA") report of Clallam Bay Corrections Center from 2014.

Dkt. 48 (identified as Items 1-9 throughout this Order).

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*

Defendants argue the Motion to Compel should be denied because the requested discovery: (1) does not exist; (2) has been produced; or (3) is not likely to lead to the discovery of admissible evidence. Dkt. 53.

First, Defendants maintain several documents requested by Plaintiff have not been located or do not exist. Dkt. 53, p. 3. Specifically, Defendants do not have Plaintiff's marriage application,

e-mails sent from his counselor to Defendants, e-mails related to Plaintiff's request to obtain Alan French's birth certificate, and the PREA report (Items 4, 5, 8, and 9). *Id*. A review of the evidence also shows the names of the individuals from I & I who saved the authorization to transfer Plaintiff between June and July of 2014 (Item 3) does not exist. *See* Dkt. 48, p. 29. A party is only required to produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). Here, Plaintiff has not shown Items 3, 4, 5, 8, and 9 exist or are in Defendants' possession. Dkt. 48. As Defendants cannot produce documents not in their possession, custody, or control, Plaintiff has not shown an order compelling Defendants to produce Items 3, 4, 5, 8, and 9 is appropriate. *See Carter v. Dawson*, 2010 WL 4483814 at *5 (E.D. Cal. 2010) (defendants' assertion that they are unable to locate responsive documents does not provide a ground for granting a motion to compel "unless Plaintiff can identify a specific document that Defendants have withheld").

  Second, Defendants maintain they produced several of the requested documents, but Plaintiff has not told Defendants how he would like to receive the documents. Dkt. 53. Federal Rule of Civil Procedure 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample ..." the items that are deemed responsive to his request.

  A review of the evidence shows Defendants provided Plaintiff with a list of documents in response to his requests for production. Dkt. 54-1. Within the list of documents, Defendants have produced Plaintiff's grievances related to his claims, OMNI information and information entered by staff related to Plaintiff's marriage application, and e-mail correspondance regarding the PREA allegation (documents related to Items 6 and 7). Dkt. 53. A review of the evidence also shows

Defendants provided the names of individuals responsible for transferring (Item 1) to Plaintiff within produced documents. *See* Dkt. 48, p. 29.

Defendants offered to provide Plaintiff with up to 25 pages of documents free of charge, which could be double-sided and contain up to two pages per side. *See* Dkt. 54-1, p. 3. Additional records beyond this were available for review and copying by Plaintiff's representative either (1) at a rate of 10 cents per page or (2) produced on a CD. *Id*. Defendants' counsel, Candie Dibble, stated Plaintiff has not requested copies of any documents or requested a third party inspection of the documents. Dkt. 54, Dibble Dec., ¶ 5. There is, however, evidence Plaintiff requested that he be allowed to inspect the documents prior to paying for copies. Dkt. 48, pp. 18, 27. While Defendants allowed a representative of Plaintiff to review and copy documents, there is no evidence Plaintiff himself was provided with an opportunity to inspect the documents. *See* Dkt. 54, 54-1.

The Court finds Plaintiff should be allowed an opportunity to inspect the requested documents. *See* Fed. R. Civ. P. 34. Therefore, Defendants are directed to assist Plaintiff in setting a time and location for inspection of Items 1, 6, and 7.

Third, Defendants maintain Plaintiff has sought to narrow Item 6 for the first time in his Motion to Compel. Dkt. 53, p. 3. They state much of the information contained in Item 6 is not likely to lead to the discovery of admissible information. *Id*. Defendants' Response implies Plaintiff and Defendants have not met and conferred regarding the new scope of Item 6. *See* Fed. R. Civ. P. 37(a)(1). Further, Defendants state they have produced the information obtained from the OMNI system in response to Plaintiff's discovery requests. For these reasons, the Court finds an order directing Defendants to produce Item 6 is not appropriate at this time. However, because the Court is directing Defendants to assist Plaintiff in inspecting the requested discovery, the Court directs Defendants to assist Plaintiff in inspecting any documents produced in response to Item 6

and to attempt to resolve any dispute regarding relevancy of the contents of Item 6 that have yet to be produced.

The Court notes there is no evidence that Defendants responded to or produced Item 2. *See* Dkt. 48, 54, 54-1. Accordingly, Defendants are directed to respond to Plaintiff's request to produce Item 2: the names of all officials of the DOC Headquarters Intelligence and Investigation Unit.

Plaintiff requests the Court impose sanctions on Defendants in the form of attorneys' fees for their failure to adequately respond to his discovery requests. *See* Dkt. 48, p. 6. Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). However, Plaintiff is not entitled to attorneys' fees as expenses because as a *pro se* Plaintiff he has not incurred such fees, and cannot seek recovery under Rule 37(a)(5). *See Elwood v. Drescher*, 456 F.3d 943, 946 (9th Cir. 2006) (*pro se* litigants cannot recover attorneys' fees); *King v. Biter*, 2017 WL 3149592, at *7 (E.D. Cal. July 25, 2017) (finding *pro se* plaintiff not entitled to attorneys' fees as a sanction under Rule 37). As Plaintiff is proceeding *pro se*, he is not entitled to attorneys' fees under Rule 37.

In conclusion, Plaintiff's Motion to Compel (Dkt. 48) is granted-in-part as follows:

- Defendants, through counsel, are directed to, on or before August 8, 2018: (1) assist Plaintiff in inspecting Items 1, 6, and 7; and (2) respond to Plaintiff's request to produce Item 2. Plaintiff, however, is required to follow the payment guidelines provided by Defendants for any copies of the requested documents.[1]

---

[1] The costs of discovery should be borne by the party requesting discovery and it is not Defendants' responsibility to provide Plaintiff with the resources necessary for him to litigate his case at Defendants' expense. *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's constitutional right of access to the courts does not

ORDER ON MOTION TO COMPEL AND
MOTION FOR EXTENSION OF TIME - 5

- The parties are directed to meet and confer regarding disputes related to Item 6.
- Items 3, 4, 5, 8, and 9 are not in Defendants' control or possession. Therefore, the Court declines to issue an order compelling Defendants to produce these items.
- The Court finds Plaintiff has not shown he is entitled to sanctions in the form of attorneys' fees.

**II.     Motion for Extension (Dkt. 56)**

In the Motion for Extension, Plaintiff requests a 30-day extension to respond to Defendants' Motion for Summary Judgment. Dkt. 56. Defendants do not object to a 30-day extension. Dkt. 58. Because the Court has granted-in-part the Motion to Compel, the Court finds a 45-day extension to respond to the Motion for Summary Judgment is appropriate.

Accordingly, Plaintiff's response to Defendants' Motion for Summary Judgment shall be filed on or before September 3, 2018. Defendants may file a reply on or before September 7, 2018.

The Clerk is directed to re-note Defendants' Motion for Summary Judgment (Dkt. 50) for September 7, 2018.

Dated this 18th day of July, 2018.

_____
David W. Christel
United States Magistrate Judge

---

impose "an affirmative obligation on the states to finance and support prisoner litigation"); *Manley v. Zimmer*, 2013 WL 5978021, *3-4 (D. Nev. Nov. 8, 2013) (finding the expenses for the plaintiff's discovery should be borne by the plaintiff, and not the responsibility of the defendants).