UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNADINO GINO SANDOVAL, | CASE NO. 3:17-cv-05667 |
| Plaintiff, | ORDER ON SECOND REPORT AND RECOMMENDATION |
| v. | |
| MIKE R. OBENLAND, et al., | |
| Defendant. | |

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge David W. Christel. Dkt. 49. The R&R recommends denial of three motions filed by Plaintiff: Motion for Affidavit (Dkt. 39), Motion for Preliminary Injunction (Dkt. 36), and Motion for Declaratory Judgment (Dkt. 40). Plaintiff does not object to denial of the Motion for Affidavit (Dkt. 39), which the R&R recommends be denied on procedural grounds. Dkt. 55 at 2, 3. Plaintiff filed Objections to the R&R for the other two motions, Motion for Preliminary Injunction (Dkt. 36) and Motion for Declaratory Judgment (Dkt. 40). Dkt. 55. This Order, which

adds the following analysis to the R&R, which should be adopted in part and denied in part, and supplemented as follows.

    A.   <u>Motion for Declaratory Judgment (Dkt. 40)</u>

Plaintiff seeks a Court order declaring DOC Policy 590.200(I)(F) unconstitutional. Dkt. 40 at 3. DOC Policy 590.200(I)(F) was effective until July 17, 2017, when DOC revised its policy. Under DOC Policy 590.200(I)(F), inmates could marry only spouse/state registered domestic partners from an approved visitor list. The Complaint alleges that Plaintiff was denied the right to marry his same-sex partner based on this allegedly unconstitutional policy, and Defendants retaliated against him for exercising his constitutional right. Dkt. 1 at 9. Plaintiff concedes that DOC Policy 590.200(I)(F) is no longer in effect. *See* Dkt. 40 at 3 ("was unconstitutional.")

The R&R recommends denying the motion on mootness grounds, because Plaintiff is no longer in DOC custody. Dkt. 49 at 6. The R&R notes that because the DOC Policy 590.200(I)(F) "has been rescinded, it cannot impact Plaintiff if he re-enters DOC custody[,]" and "entering declaratory judgment prior to determining if Plaintiff's constitutional rights have been violated is premature." *Id*.

Plaintiff's Objections do not directly address the merits of the R&R on this motion, except to the extent they overlap with the request for injunctive relief. *See* Dkt. 55.

Denying Plaintiff's motion on mootness grounds misframes the claim for declaratory relief. DOC Policy 590.200(I)(F) was rescinded on July 17, 2017, and this case was filed on August 24, 2018. It would appear that because Plaintiff seeks a declaration that DOC Policy 590.200(I)(F) "<u>was</u> unconstitutional," Dkt. 40 at 3 (emphasis added), the request for declaratory judgment is functionally a request for partial summary judgment on the issue of DOC Policy

ORDER ON SECOND REPORT AND RECOMMENDATION - 2

590.200(I)(F)'s constitutionality, although it is unclear whether Plaintiff challenges the policy on its face or as applied. Plaintiff separately challenges the constitutionality of DOC Policy 590.200(1)(A), a current policy. *See below*. Whether DOC Policy 590.200(I)(F) was unconstitutional, and if so, whether Plaintiff was harmed, may turn on questions of fact unrelated to Plaintiff's current DOC custody status. If the policy was unconstitutional, either on its face or applied, even if Plaintiff is never again in DOC custody he could, possibly, still be entitled to damages from the Defendants' retaliation against him for exercising a constitutional right. Therefore, denying the motion on mootness grounds is not warranted.

Nonetheless, the Court concurs that Plaintiff's motion should be denied as premature. No findings as to Plaintiff's motion should be construed as findings on the merits of this claim.

B. Motion for Preliminary Injunction (Dkt. 36).

Plaintiff requests injunctive relief against Defendants, who are supervisors or employees of the Washington State Department of Corrections ("DOC"). Dkt. 36 at 1. The motion requests that Defendants be ordered to "cease and desist the continuation of discrimination against same sex marriage . . . through [] Prison Policy DOC 590.200(1)(A) [*sic*]." *Id*. DOC Policy 590.200(1)(A) prohibits marriage "between 2 offenders confined in Department facilities."

The R&R recommends denying the request for a preliminary injunction on two grounds: (1) the request is moot, because the DOC policy no longer applies to Plaintiff, who has been released from custody; and (2) Plaintiff has not shown he will suffer irreparable harm, because he is not in custody and the marriage relationship Plaintiff was pursuing has been "abandoned." Dkt. 49 at 3-5.

The Court concurs in the recommended outcome, that Plaintiff's request for a preliminary injunction should be denied. However, denying the motion on mootness grounds misapprehends

ORDER ON SECOND REPORT AND RECOMMENDATION - 3

the procedural history. The R&R cites the rule that "[a]n inmate's release from prison . . . will moot any claims for injunctive relief[,]" but in this case, Plaintiff filed the case *after* release from DOC custody. "[A] case becomes moot when the issues are *no longer* live," *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003), but at least thus far, DOC Policy 590.200(1)(A) has not yet applied to Plaintiff. Mootness is closely related to the doctrine of ripeness, and Plaintiff's motion for preliminary injunction should be denied as unripe. This finding should be made without prejudice to the merits of Plaintiff's DOC Policy 590.200(1)(A) claim.

In his Objections, Plaintiff argues that there is a likelihood of reaching the merits, because although Plaintiff is not currently in DOC custody, he is a pretrial defendant in a criminal case and "is facing" the prospect of DOC custody. Dkt. 55 at 2, 3. To reach this argument, the Court would make conjectures about the outcome of an underlying criminal case and make assumptions about the future of Plaintiff's relational status and the sufficiency of Plaintiff's marriage request if and when he is in DOC custody. The record does not support making findings on any of these issues, nor would addressing them appear prudent.

Plaintiff objects to language in the R&R suggesting that he has "abandoned" the marriage relationship, because, he argues, he has been forced to refrain from communication with his partner by DOC. Dkt. 55 at 2, 3. Assuming that Plaintiff has not, himself, abandoned the marriage relationship has no bearing on the broader finding that at present the Court should decline to reach the merits of Plaintiff's claim. Plaintiff also requests in the alternative a stay of this case until his criminal matter is resolved, Dkt. 55 at 4, but no information has been provided about when the case may be resolved.

The R&R should be adopted as to the recommendation that the motion for preliminary injunction be denied. Plaintiff's request for a stay should be denied. No findings as to Plaintiff's motion should be construed as findings on the merits of this claim.

* * *

THEREFORE, it is HEREBY ORDERED:

The Report and Recommendation (Dkt. 49) is ADOPTED IN PART as follows:

(1) Plaintiff's Motion for Affidavit (Dkt. 39) is DENIED.

(2) Plaintiff's Motion for Declaratory Relief (Dkt. 36) is DENIED.

(3) Plaintiff's Motion for Preliminary Injunction (Dkt. 36) is DENIED.

(4) Plaintiff's request for a stay is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of July, 2018.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge