FILED _____ LODGED
_____ RECEIVED

AUG 16 2018

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

SENIOR DISTRICT JUDGE ROBERT J. BRYAN
MAGISTRATE JUDGE DAVID W. CHRISTEL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNARDINO G. SANDOVAL, Plaintiff, vs. MIKE R. OBENLAND, et. al., Defendants. | No. 3:17-cv-05667-RJB-DWC PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT. F.R.C.P. 56, C.(1)(B). NOTED: SEPTEMBER 7, 2018. |

Comes now, Plaintiff MR. Bernardino Gino Sandoval, Proceeding PRO-SE, respectfully submits this Response in Opposition to the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, C.(1)(B).

## I. PRELIMINARY HISTORY OF THE CASE.

MR. Sandoval, filed this 42 U.S.C. § 1983 Civil Rights Complaint on August 24, 2017, Docket-1 (DKT), for the deprivations and violations of his United States Federal Constitutional Rights of the First Amendment (Free exercise of Religion), Eighth Amendment (nor cruel and unusual punishment inflicted), and Fourteenth Amendment (Due Process Clause), and (Equal Protection of the law).

MR. Sandoval also claims violations of State law RCW § 26.04.010 (Same-Sex Marriage).

— 1 —

IN 2014, Plaintiff was INCARCERATED IN the Washington State DEPARTMENT OF CORRECTIONS (WDOC), AT The Clallam Bay Correctional Center (CBCC), IN The Medium Security UNIT (MSU).

IN MAY 2014, Plaintiff submitted his and his Same-Sex Partner Their MARRIage Applications.

ON JUNE 26, 2014, Plaintiff was Placed IN the Administrative-Segregation UNIT (Ad-Seg), AT CBCC IN Retaliation FOR applying To MARRY by submitting his and his PARTNER'S Marriage applications.

ON JULY 2, 2014, The CBCC SUPERINTENDENT, defendant MR. MIKE R. Obenland, denied Plaintiff's MARRIage Application Pursuant TO DOC Policy 590.200, of: (03/15/13) According To MR. Obenland's LETTER dated JULY 2, 2014. See, EXH-A.

ON JULY 30, 2014, Plaintiff was TRANSFERRED IN Retaliation FOR ATTEMPTING To MARRY ANOTHER INMATE AT CBCC. Plaintiff was TRANSFERRED TO The WDOC Coyote Ridge Correctional Center (CRCC), With a KEEP-SEPARATE from his intended MARTIAL PARTNER MR. FRENCH. See, DKT-1. (COMPLAINT).

## II. PLAINTIFF'S RESPONSE IN OPPOSITION.

FOR The Sake OF ARGUMENT the Defendants' have not Raised IN Their MOTION FOR SUMMARY JUDGMENT, Plaintiff's Eighth AMENDMENT CLAIM, Therefore, They have Waived by conceding, NOT addressing The issue. (RE: MENTAL & Physical Pain).

## ISSUES IN DISPUTE:

(A). MR. Sandoval CLAIMS The Defendants' have Violated his U.S. FEDERAL CONSTITUTIONAL RIGHT To MARRY his Same-Sex PARTNER, because They both AT The Time (2014), WERE INMATES AT

— 2 —

The Same facility CBCC, and both were in Complian-ces with the Marriage Policy 590.200 (03/15/3), which was in effect at the time, and allowed the inte-Nded spouses/partners to be placed on the inmates approved visit list for marital purposes. See: EXH-1, (Doc Policy-OFFENDER MARRIAGES AND STATE REGISTERED DOM-ESTIC PARTNERSHIPS). (03/15/13) (Section I.F).

(B) Mr. Sandoval claims the Defendants' actions were "Ret-aliatory" for placing him in the Ad-Seg unit, and Trans-ferring him to another prison facility with a "Keep-separate," was in response to him for submitting his marriage application to marry his same-sex partner. See: EXH-2 (Ad-Seg papers 1-6).

(C) The Defendants are not entitled to qualified immun-ity from damages. Plaintiff can identify the applicable law at the time of the violations were clearly establish-ed (DENIED TO MARRY, DENIED EQUAL TREATMENT, AND RETALIATION).

(D) Mr. Sandoval claims the Defendants actions are Retaliatory for banning all inmates their U.S. federal Constitutional "Fundamental" Right to marry one anoth-er. The defendant's rescinded Doc Policy Directive 590. 200, Section I.F Removing the visit list requirement, and added I.A.1, prohibiting all offenders from marrying one another, on (07/27/17).
See: ATTACHMENT-A, (DKT-51-1).

(E.) The Defendant's Supporting Declaration is Unsupporting and does Not Meet The Requirement of "Personal Knowledge," Under The F.R.C.P. and Fails To Substantiate.

III. GENUINE ISSUES OF MATERIAL FACT IN DISPUTE.

LEGAL ARGUMENT:

(1) ON JULY 2, 2014, The CBCC Superintendent, MR. Mike R. Obenland denied MR. Sandoval his U.S. Federal Constitutional Right to Marry his Same-Sex Partner. See: EXH-A, (Letter From MR. Oben-land) denying MR. Sandoval's Marriage Application/Request. MR. Obenland stated in his letter: "After Reviewing DOC Policy 590.200, "Your Intended Spouse/State Registered Domestic Partner MUST be on the Offender's approved Visit list." "Your Intended Spouse is Not Eligible To be Placed on your visit list. Your Request To get Married is denied due To "Ineligibility." MR. Obenland Retaliated and discriminated against Plaintiff by denying him equal Rights afforded To all other Similarly Situated individuals who are allowed To Marry. He was contr- ary To DOC Policy directive 590.200 (03/15/13), which did Not at The Time Prohibit or Prevent one inmate from being Placed on The others approved Visit list for Marriage Purposes. The United States Supreme Court has already Ruled that inmates CAN Marry other inmates. See, TURNER V. SAFLEY, 107 S.CT. at 2254 (JUNE 1, 1987), ...The Supreme Court Justice O'Connor, held that: ...(2) inmates Marriage Regulation, which Prohibited inmates from Marrying other inmates or Civilians Unless Prison Superintendent determined that There were Compelling

— 4 —

Reasons for Marriage, was not Reasonably Related to any legitimate Penological objective.

At 2265, ...Many Religions Recognize Marriage as having spiritual significance, for some inmates and their spouses, Therefore, the Commitment of Marriage may be an exercise of Religious faith as well as an expression of Personal dedication. Id.

Mr. Sandoval has a sincere Religious belief That was violated by the defendants' especially Mr. Obenland. See, TURNER V. Safley, 482 U.S. 78, at 94-96 The Constitution Protects a Prisoner's Fundamental Right to Marry, individuals don't lose This Constitutional Protection simply because They are imprisoned.

See: Zablocki V. Redhail 434 U.S. 374, 385-86, 98 S.Ct. 623, 680-81, 54 L.Ed.2d 618 (1978); (Marriage is Fundamental Right and liberty Protected by Due Process (/Duses). TURNER, 107 S.Ct. at 2259, Prison walls do not form a barrier seperating Prison inmates from The Protection of The Constitution.

Plaintiff's Due Process Right was violated, denied without a hearing To Marry, or Provided Something To Appeal.

(2.) On June 26, 2014, Plaintiff was escorted in Restraints by several State Correctional officer's To The CBCC Maximum Security Unit (IMU), and Placed on Ad-Seg status under the order of the Superintendent Mr. Obenland. Plaintiff informed by his Ad-Seg Counselor

MR. Miles Lawson, that the Placement is for submitting a marriage app-
lication to marry another offender at the same facility.
This was intentional Retaliation against Plaintiff for engaging
in a Protected activity of the Right to Marry, (deliberate indifferen-
ce) Plaintiff was then Reclassified and transferred in Retaliation to
another WDOC facility with a Keep-separate order by MR. Ob-
enland. All of Plaintiff's letters, grievance's and appeals were
futile. MR. Obenland illegally Retaliated and unconstitutionally
discriminated against Plaintiff's Religious beliefs by denying
him his Equal Right to Marry in Retaliation. See, Exh-2, (Ad-seg Boards 1-6)
See, Quiroz V. Short 85 F. Supp. 3d 1092, 1107 (March 31, 2015) the
Ninth Circuit has cautioned that "Prison officials may not
defeat a Retaliation claim on summary judgment simply by artic-
ulating a general justification for a neutral process, when the-
Re is a genuine issue of material fact as to whether the
action was taken in Retaliation for the exercise of a const-
itutional Right." Id. Here, because there is a genuine issue
of material fact as to Retaliatory motive, defendant can not
Rely on the Prison's legitimate Penological interest in Prison
Security to succeed on his motion for summary judgment.
The defendants have clearly exaggerated their justification for their
acts of Retaliation. MR. Sandoval did not commit any inappropriate
behavior with MR. French.
See: Rhodes V. Robinson, 408 F. 3d 559, 567-68 (9th Cir. 2005). Retalia-
tory claims "Five" basic elements: (1) an assertion that a state
actor took some adverse action against an inmate.
Defendant MR. Obenland Placed Plaintiff in Ad-seg in Response

— 6 —

FOR SUBMITTING a MARRIAGE APPLICATION TO MARRY aNother INMATE, aND TRANSFERRED him WITH a Keep-SEPARATE IN RETALIATION. (2) because of engaging in and exercising his U.S. Constitutional Rights of the FIRST aND FOURTEENTH AMEND-MENTS, (his Right TO Religious beliefs aND his Right TO MARRY Same-Sex). (3) THAT PRISONER'S PROTECTED CONDUCT, is legally PROTECTED; See, TURNER V. Safley, 107 S. CT. 2254, 2256. PRISONERS have a CONSTITUTIONALLY PROTECTED Right TO MARRY under Zablocki V. Redhail, 434 U.S. 374 98 S.CT. 673, 54 L.Ed. 2d 618, aND That Such aCTION, (4) Chilled The INMATE'S exercise of his FIRST AMENDMENT Rights. Plaintiff Was completely PREVENTED FROM MARRying aNd (5) The aCTion did NOT Reasonably advance a legitimate CORRECTIONal Goal. Plaint-iff asserts NO legitimate PRISON Objective Was advanced legally. The aCTions of Retaliation Were all Committed in Violation Of The U.S. Federal Constitutional Rights, aND The PRISON direct-ives allowed PRISONER'S TO MARRY, OR have The intended Spouse OR PARTNER Placed ON The INMATE'S APPROVED Visit list FOR MARRIAGE PURPOSES. DOC POLICY 590.200 (03/15/13). THeRe WeRe NO OTHeR alTERNaTive MeaNs available TO MR. Sandoval and MR. FRENCH iN 2014. See, AFFIDAVIT-X.

(3.) The Defendants' are NOT ENTITLED TO Qualified IMMUNITY FROM damages. Plaintiff Can identify the applicable law at the time of the U.S. FEDERal Constitutional Violations Committed Was CLEARLy established.

MR. Sandoval suffered deprivations of his Constitutional Rights, and
Those Rights were Clearly established at the time. The WDOC
Prison officals knew that Same-Sex marriage was legal in the
State. See RCW§26.04.010, The Govenor Ms. Christine Gregoire,
Signed into law on February 13, 2012.

DOC Policy 590.200 (03/5/13), did not ban, Prohibit or Prevent Same-
Sex marriage. Infact, DOC Policy directive, 60.500 (01/21/13) Sec.
I. States: *The Department Prohibits discrimination or unfair/illegal
Treatment on the basis of ...Religion, Gender, or status as a state
Registered domestic partner, or "Sexual Orientation".* See Exh-3.
Here, The defendants denied Plaintiff his Right to exercise his Religi-
ous beliefs, his Right to marry, denied him to be Treated and Respected
equally to all other similarly situated individuals, and Retaliated
against him for engaging in a Protected activity, contrary to
DOC Policy directive's, and U.S. Federal Constitutional Rights
and Washington State law, RCW§26.04.010 (Same-Sex marriage)
See, Turner V. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed. 2d 64 (June 1,
1987), at 2256, Prisoners have a Constitutional Protected Right to marry
under Zablocki v. Redhail, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed. 2d 618 (1978).
See also, McLenithan V. Williams, 2016 WL 1312314 (April 4, 2016), at 5,
"Inmates Retain the Protections afforded by the first Amendment
including its directive that no law shall Prohibit the free exer-
cise of Religion'." Shakur, 514 F.3d at 883-84, (quoting O'Lone v.
Estate of Shabazz, 482 U.S. 342 (1987)).

Plaintiff had the right to be treated equally to all other similarly situated individuals relating to marriage while incarcerated under DOC Policy 590.200 (03/15/13), instead he was discriminated against. Plaintiff was denied to marry because he wanted to marry a same-sex partner while in prison, by denying him to have his partner placed on his approved visiting list in accordance with DOC Policy 590.200 (03/15/13) like all other similarly situated individuals, who are allowed to have their spouses placed on their approved visit list, and not discriminated against, or placed in Ad-Seg and transferred with a keep-separate placed on them.

This was clearly a violation of the U.S. Federal Constitution al right of the Fourteenth Amendment, Equal Protection of the law. See, Lowden v. Miller-Stout, 2009 WL 529556, (March 2, 2009) at 4, the Supreme Court has stated that: the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents. Village of Willowbrook, v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (citations and quotation marks omitted). The right to equal protection of the law survives incarceration. See, e.g.:

BAUMANN V. ARIZONA DEP'T OF CORRECTIONS, 754 F.2d 841 (9th Cir. 1985).
See, City of CleBurn Tex V. CleBurn Living Center, 473 U.S. 432,
105 S. CT. 3249, 87 L.Ed. 2d 313 (July 1, 1985), at 432, and 3254. The
Equal Protection Clause of The Fourteenth Amendment Commands
That No State Shall "deny to any Person within its Jurisdiction
The equal Protection of the Laws" which is essentially a dire-
ction That all Persons Similarly Situated should be Treated
alike. Plyer V. Doe, 457 U.S. 202, 216, 102 S. CT. 2382, 2382, 2394,
72 L.Ed. 2d 786 (1982).

See, Quiroz V. Short, 85 F. Supp. 3d 1092 (N.D. Cal. 2015) at 1104, the
defense of Qualified Immunity Protects "Government officials...
from liability for Civil damages in So far as their Conduct
does Not Violate Clearly established Statutory or Constitutio-
Nal Rights of Which a Reasonable Person would have Kno-
WN." Harlow V. Fitzgerald, 475 U.S. 800, 818, 102 S. CT. 2727, 73
L.Ed. 2d 396 (1982). ...See, Pearson V. Callahan, 555 U.S. 223,
236, 129 S. CT. 808, 172 L.Ed. 2d 565 (2009). "[U]nder either Prong,
Courts May Not Resolve Genuine disputes of Fact in favor of
The Party Seeking Summary Judgment," and Most as in Oth-
er Cases, View the evidence in the light Most Favorable to
The Non—Movant. Tolan V. Cotton, __ U.S. __, 134 S. CT. 1861,
1866, 188 L.Ed. 2d 895 (2014) (Per Curiam). In Considering Whether a
defendant is entitled to Qualified Immunity, the inquiry Must Focus
on the "Time of the Conduct," i.e., Whether the Officer's acts were
Reasonable in Light of the Information he Possessed at the
Time he acted, Rather than its aftermath and effect because No
Officer Can Observe Whether his Retaliation has Success—

— 10 —

fully chilled a PRISONER's Rights until long after deciding to act. Rhodes, 408 F.3d at 570. Furthermore, classification decisions are unconstitutional if they are done for unconstitutional Reasons such as Retaliation for exercising of First Amendment Rights, or Racial, Religious or Political discrimination. See, Koch v. Lewis, 96 F. Supp. 2d 949, 955-57 (D. Ariz. 2000). See also, Pratt v. Rowland, 65 F. 3d 802, 806 (9th Cir. 1995) In fact, We Recently Recognized that the Prohibition against Retaliatory Punishment is "clearly established Law" in the Ninth Circuit, for qualified immunity purposes. Schroeder v. McDonald, 55 F. 3d 454, 461 (9th Cir. 1995).

The defendants' are trying to sheild themselves with the doctrine of qualified immunity. The defendants' are not entitled to this doctrine and are trying to persuade the court in believing that they are.

    The defendants' motion for Summary Judgment, at Page 9, Section (E) they assert they are entitled to qualified immunity from damages because the "Key question" is whether the defendants' should have known that their specific actions were "unconstitutional" given the specific facts under Review". Page 9, Lines 1-6. Plaintiff explains that Doc Policy 590.200 (03/15/13), Exh-1, is "unconstitutional". See, DKT-1 (complaint) Plaintiff is challenging Doc Policy 590.200 (03/15/13 & 07/27/17). On July 2, 2014, Superintendent Mr. Obenland denied Plaintiff's Marriage application/Request Per Doc Policy 590.

200 (03/5/13). See, EXH-A, claiming: "Your intended spouse is not "eligible" to be placed on your approved visit list (hereafter AVL). Mr. Obenland did not explain or provide any reason why, contrary to Doc Policy 590. 200 (03/5/13). See, EXH-1, at page 3 of 8, Section II. (C.)

Doc Policy 590.200 (03/5/13), in 2014, did not prohibit or prevent one inmate from being placed on another inmate's (AVL). This was a personal act by Mr. Obenland to discriminate intentionally to deny the marriage application/request. Mr. Obenland did not follow or comply with Doc Policy 590.200 (03/5/13).

The defendants' now for qualified immunity purposes, want the court to believe that, four years later that Doc Policy 590.200 (03/5/13), is "unconstitutional." No court to this day has ruled that Doc Policy 590. 200 (03/5/13), is "unconstitutional."

In fact, this court declared Doc Policy 590.200 (03/5/13), to be "constitutional" in the case of Fisher v. Warner, No. C14-5474-BHS, 2015 WL 1282143 (W.D. Wash. Mar. 20, 2015) (unpublished), at *1, (Judge Strombom thoroughly addressed each of Fisher's constitutional claims and concluded that neither the prison's rule nor the prison officials' denials of Fisher's request for an exception violated "any" constitutional right; ... Therefore, the court having considered the R & R, Fisher's objections, and the remaining record, does hereby find and order as follows: (5) This action is dismissed). See, Affidavit-X. Plaintiff here was denied without any explanation and denied to have his intended marital partner to be placed on his AVL, without justification, and was retaliated for attempting to marry another inmate.

IN Fisher's lawsuit, his Fiancee MS. Scott, Failed to remove herself from her son's (AVL) in order to be placed on her intended spouse's (AVL), had she done so, she would have been placed on MR. Fisher's (AVL), to get married then 90 days later, re apply to be back on to her son's (AVL), as the court explained.

MR. Sandoval was denied equal treatment of DOC Policy 590.200 (03/15/13), without any explanation and retaliated against for attempting to marry.

This is clearly one of the many issues in dispute here. Therefore, the defendants now claim that DOC Policy 590.200 (03/15/13), is "Unconstitutional," which means that this court made a "mistake" when it ruled against Fisher v. Warner, (2015), plaintiff agree's,


Therefore, it is correct to claim that it is "clearly established law" that inmates under Turner v. Safley, are allowed to marry other inmates and not be retaliated under Rhodes v. Robinson, for attempting to exercise their rights, and the right to be treated equally to other similarly situated individuals' under Lowden v. Miller-Stout. The defendants' are not entitled to the doctrine of Qualified immunity for reasons they claim in this lawsuit.

4) The WDOC Policy directive 590.200 (03/15/13) was Revised/Rescinded/ amended on (07/27/17), See Attachment-A (DKT-51-1) This Policy NO-longer Requires that the Prospective Spouse be on the Inmates (AVL) it now Prohibits Marriage Applications between two Inmates Confined in Department facilities.

This Prohibition Constitutes a Clear Violation of all Prisoner's Rights under the U.S. Federal Constitutions First and Fourteenth Amendments, denying their Rights To exercise their Religious beliefs To Marry, and (Due Process Clause) and (Equal Protection of the law). (Unequivocal Discrimination).

The defendants' Support their Contentions with assumptions of Prison Rule Violations That has Never Occured between two Inmates Who applied To Marry while both are Incarcerated. Further, The defendants fail to Support Their Declaration in Support with any evidence To Their allegations asserted in Their Declaration.

This act of banning all Marriage between Prisoner's is Contrary to The United States Supreme Court Ruling in Turner V. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed. 2d 64, 55 USLW 4719 (June 1, 1987), at 2254, Inmate Marriage Regulation Which Prohibited Inmates from Marrying other Inmate's or Civilians unless Prison Superintendent determined that their were Compelling Reasons for Marriage, was Not Reasonably Related To any Legitimate Penological Objective.

(5.) The Defendants' have attached a Declaration of Defendant MS. Belinda D. Stewart, IN Support of their Motion for Summy Judgment. (Stewart's Declaration Attachment-A (DKT-50-1).

This declaration is Nothing more than Conclusory assertions, and Pure Speculations, and fails to support and substantiate for Defendants Motion for Summary Judgment, (bare Nake assertions), (conjectory).

The defendants' do Not show any supporting documents outside of the Record. As explained in Fed. R. Civ. P. 56(a), Granting Summary Judgment is an extraordinary Remedy. Summary Judgment is appropriate "if the movant shows that there is No genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". IN Reaching this decision, the Court must determine whether "the Pleadings, depositions, answers to Interrogatories, admissions, and affidavits" show there is No genuine issue of material fact then the moving party would be entitled to judgment as a matter of law". Here defendants' "supporting Declaration shows Nothing from within the Record," as explained above. Fed. R. Civ. P. 56(c)(4), Nor outside the Record.

Evidentiary affidavits filed in connection with motions for summary judgment must be made on "Personal Knowledge" with "sworn or Certified copies" of any supporting documents attached. Fed. R. Civ. P. 56(e), Requires that the declarant or affiant have Personal Knowledge of the exhibits. ORR V. BANK OF AMERICA NT & SA, 285 F.3d 764, 777 (9th Cir. 2002). See, Rhinehart V. Hedgspeth, 2017 WL 1175569, (USDC-N.D. Cal. March 30, 2017) at *17. (holding, moving party must show the evidence, ... Conclusory affidavits that do Not

— 15 —

Affirmatively show Personal Knowledge of Specific Facts are insufficient to Prevail on Summery Judgment.

Some Courts have said that Prison official's interest are not legitimate if their actions are "Contrary to State Law." See, Salaam v. Lockhart, 905 F.2d 1168, 1174-75 (8th Cir. 1990). (Rejecting officials' Refusal to acknowledge Name change that were allowed by State law).

See, Swift v. Lewis, 901 F.2d 730, 731-32, (9th Cir. 1990) (Prison official's must submit evidence that the interest they cite are the actual Reasons for the Policy).

See also, Whitmire v. State of Arizona, 298 F.3d 1134, 1136, (9th Cir. 2002) (Reversing dismissal of complaint Concerning a Rule forbidding Same-Sex "Kissing, embracing (with the exception of Relatives or immediate families), or Petting", it was not supported by Common Sense).

and See, Doe v. Sparks, 733 F. Supp. 227, 234 (W.D. Pa. 1990). (In a State Where homosexual Conduct was legal, banning Same-Sex "boy/Girl friend" while Permitting those of the Opposite Sex was irrational and denied equal Protection).

The defendants do not Substantiate or justify their total ban on Same-Sex Marriage between incarcerated Prisoner's. This Violates State Law and U.S. Federal Constitutional Rights.

The Doc Policy 590.200 (7/27/17), must be Changed to allow inmates to Marry other inmates.

IN Defendant MS. Belinda D. STEWART's declaration, She states that DOC Policy 590.200, (07/27/17) "Comply's" with State and Federal laws". This is not TRUE. RCW 26.04.010 (Same Sex Marriage) is being violated. Also she lies stating: "The Policy does not Prohibit, ... based on the inmate." This is Perjury, because Plaintiff was an inmate who attempted to marry another inmate he was Prohibited Unlawfully, based on their Gender's.

The (07/27/17), Policy 590.200, and defendant MS. STEWART's declaration Presents Pure "EXAGGERATION" To her Claimed Security objectives, Pure Speculation, Conjectory, and fails to SUPPORT IT, (CONCLUSORY). See, Obergefell v. Hodges, 135 S.CT. 2584, 2589, 192 L.Ed. 2d 609, (June 26, 2015), This analysis Compels the Conclusion that Same-Sex Couples May exercise the Right to Marry (2) FOR PRINCIPLES and TRADITIONS demonstrate that The Reasons Marriage is FUNDAMENTAL Under The Constitution apply with equal FORCE to Same-Sex Couples.

IN This Case the (07/27/17), Policy 590.200, "Regulation Cannot be Sustained where the logical Connection between The Regulation and The asserted Goal is So Remote as To Render The Policy arbitrary or irrational." TURNER, 482 U.S. at 89-90, 107 S.CT. 2254.

"The defendants Can Not avoid The Courts' Scrutiny by Reflexive, Rote assertions".

The defendants Declaration should therefore not be considered in the courts determination.

Plaintiff was transferred in Retaliation from CBCC on July 30, 2014, to CRCC, after the defendants (I & I), MR. Rivera, MS. Perva, MS. Neva, MR. Reiswig, MR. Newton, MR. Bettis, MR. Adams, and MR. Butler, had Reviewed Plaintiff's transfer Referral's. See, EXH-B, (Intelligence & Investigation), giving their Authorization to transfer him, in Retaliation.

Plaintiff has been criminally Charged, which is still Pending. See, DKT-30-1.

Plaintiff did file Numerous Grievances, on all the issues he Raised in his complaint. See, DKT-14, P.2, Lines 7-16, defendants Concede.

In defendant's Motion for Summary Judgment, at P.7, Lines 15-17, stating: "allegations are conclusory, and fails to Present any evidence that other inmates who "Request" to enter into same-sex marriages are treated differently." Sandoval Provides no actual facts to show an inmate has been denied a marriage application simply because the intended spouse is of the same gender." See, DKT-42-1, P.3 of 4, Lines 22-24. (Deposition of Alan French). (filed 05/29/18). MR. French was denied a marriage application by his Hateful Counselor because it was for a same sex partner MR. Sandoval. Plaintiff had to obtain another marriage application for MR. French.

Turner vs Safley, 482 U.S. 78, (1987) Made it clear inmate's can Marry each other, but here Doc. and the defendants did not care and denied Plaintiff intentionally Regardless of a Policy, which at the time did not prevent or Prohibit his marriage. See, EXH-1.

— 18 —

Doc Policy 590.200 is Unconstitutional and Facially Unconstitutional as applied to him and now all others, incarcerated.

## IV. CONCLUSION

Because the defendants, can not establish that genuine issues of material fact are not in dispute, and have failed to support their contentions, failing to introduce specific evidence showing that their proffered reasons were applicable to Plaintiffs Marriage request, or that those concerns were the reasons why the prohibition was enforced against plaintiff, according to the policy in effect in 2014.. Defendants have failed to articulate their legitimate governmental interest in the regulation of 03/15/13, by failing to provide some evidence supporting their concerns, even in the absence of a protected activity as they allege. The defendants fail to proffer some evidence to support the complete ban and denial of plaintiff's U.S. Federal Constitutional Rights of the First, and Fourteenth Amendments.

The defendants have not provided any evidence, whatsoever, to support their contentions that prohibiting plaintiff's marriage acts as a deterrent or that such deterrence was necessary. There is no evidence in the record supporting the defendants' contention that prohibiting plaintiff's marriage in 2014 was necessary to ensure a safe and orderly institution.

The court is reduced to speculation when it is not

Provided with evidence, and having to speculate will find it diff-
icult to establish a connection between the defendants unsu-
bstantiated justifications, and its policy, to satisfy their bu-
rden, the defendants have failed to present any evidence demon-
strating a specific security concern that bears a nexus to
the prohibited conduct alledged. It is implausible to sugg-
est, without some supporting evidence to rule in favor of
defendant's motion for summary judgment.

Therefore, with all due respect Plaintiff prays that defend-
ants motion be denied.

Plaintiff supports his response in opposition with an att-
ached Affidavit in support. See, Affidavit-X.


RESPECTFULLY SUBMITTED this 13th, day of AUGUST,
2018.

                              Mr. Bernardino Sandoval
                          MR. BERNARDINO Gint Sandoval
                          BKG# 218007343/E-1366/Pro-Se
                          King Co. Jail (Kent-RJC)
                          620 West James Street
                          Kent, WA 98032-4487.

## AFFIDAVIT-X

STATE OF WASHINGTON

COUNTY OF KING

SS: MR. BERNARDINO Gino Sandoval,
(PERSONAL Knowledge).

I, MR. BERNARDINO G. Sandoval, CERTIFIES UNDER PENALTY OF PERJURY, UNDER The laws OF THE U.S. OF AMERICA, 28 U.S.C. § 1746, and laws OF the STATE OF WASHINGTON, RCW 9A.72.085, THAT THE FOLLOWING IS TRUE and CORRECT.

DePoSed and SayS: Plaintiff MR. Sandoval makes this affidavit IN SUPPORT OF his Response IN OPPOSITION TO the defendants' MOTION FOR SUMMARY JUDgment.

1. The defendants' have CLEARLY failed TO SUBSTANTIATE any OF Their Claims alleged in Their MOTION FOR SUMMARY JUDGMENT, NOR FROM Within Their DeclaRation IN SUPPORT by MS. Belinda D. STEWART, Fails TO PROVE any issues are NOT IN DISPUTE.

2. HeRe IN this Case Plaintiff PROVIDES CLEAR and UNDISPUTABLE PRecedent Case law establishing THAT PRISON INMATES have the RIGHT TO MARRY OTHER INMATES. See, TURNER V. SAFLEY, 482 U.S. 78, 107 S.CT. 2254, 96 L.Ed.2d 64, 55 USLW 4719 (SUPREME COURT OF UNITED STATES JUNE 1, 1987).

3. MR. Sandoval WAS IN COMPLETE Compliance With WDOC Policy 590.200 (03/15/13) Which WAS IN effect IN 2014, When defendant, SUPERINTENDENT MR. Mike Obenland Lied TO Plaintiff ON JULY 2, 2014, When he ResPonded TO MR. Sandoval's MARRIaGe aPPlication, Notifying MR. Sandoval that his SPOUSAL/PARTNER is ineligible TO be Placed

— 1 —

ON his approved Visit list, as MR. Obenland stated, according to Doc Policy 590.200 (03/15/13). This was discrimination and contrary to the Policy and State law RCW 26.04.010, (same-sex marriage,) and U.S. Federal Constitutional Rights of the First and Fourteenth Amendments'. See, EXH-A, ─── (Letter dated July 2, 2014,).

4. MR. Sandoval is challenging The Constitutionality of WDOC Policy directive 590.200, (07/27/17), because it is unconstitutional, because it bans all inmates throughout all Doc Prison facilities in the State of Washington from marrying one another, (same-sex marriage) if they so choose. This is contrary to clearly established law, Defendants' denying all inmates Their Right to marry based on unsubstantiated assertions of possible misconduct, purely hypothetical allegations, and exaggerations.

5. MR. Sandoval has standing to challenge the unconstitutional Policy for two Reasons,: 1) He is currently in jail in The Washington State County of King, adult detention facility facing a New Criminal Prosecution and possible conviction where he has already filed a Preliminary Injunction against WDoc Policy 590.200 (07/27/17), to cease the continuation of discrimination. The "capability of repetition" of being convicted and returned to Prison is a possibility of Reoccurring. Because MR. Sandoval is currently not under WDOC's jurisdiction does not moot this Civil action to challenge his claims. See, Reimers V. State of OR, 863 F.2d 630 (9th Cir. 1988) at 632, & N.4. (holding That Plaintiff, who had been Released from Prison

─ 2 ─

had No Reasonable expectation of Returning to Custody because
Such a Return would occur only if he committed an additional
(Criminal act). If MR. Sandoval is convicted he once again will
endure irreparable harm, Subjecting him to the unconstitut-
ional policy. 2). MR. Sandoval filed This 42 U.S.C. § 1983 Civil Rights
Complaint for Violations of his protected Rights under the U.S.
Federal Constitution, and has Requested for financial awards
in damages, MR. Sandoval's action in No-way can become
Moot. filed (08-24-17). See, DKT-1.

6. MR. Sandoval's counselor MR. Lawson Miles, had informed him
      That The Superintendant's MR. Obenland and Ms. Diimmel,
was going to speak with him to discuss his ad-seg place-
ment, and Reasons. See, EXH-2 (Ad-seg papers 1-6).
MR. Miles also informed MR. Sandoval That he was Trying to
get the Superintendent to place MR. Sandoval in another
Unit Rather Than Continue Ad-seg, and Transfer, so that
MR. Sandoval can pursue with his Marriage. MR. Sandoval,
Will move The Court under Fed.R.Evid Rule 614, if The case proceeds
To Trial for his witnesses Since he is Unable and prevented
From obtaining affidavite from inmates in WDOC, by The King
Counties Policies.

7. MR. Sandoval was Transferred in Retaliation, To The Coyote Rid-
ge Correctional Center (CRCC), from (CBCC), To Keep him inten-
tionally separated from his intended Marrital Partner.
While at CRCC, he met MR. George Golden #738292, who told MR. Sa-
ndoval, That When he attempted To Marry his partner MR. Nathan
Pilcher #846044, They were Retaliated against Just for asking

—3—

for the MARRIAGE APPLICATION, by Sending MR. Pilcher to ano-
ther unit, and then immediately after to another facility,
Airway Heights. These are justified Reasons to Move the
court under Rule 614. See, EXH-E.

8. MR. Sandoval made numerous appeals to avoid the continua-
tion of Ad-Seg, where he was treated exactly like discipli-
ary Segregation, and to avoid transfer, but to no avail. His
letter's, appeals, and grievances were all futile. The defenda-
nt's all condoned the illegal treatment and retaliation. See, EXH-
C, B, D. See, Alexander v. Perrill, 916 F.2d 1392 (9th Cir. 1990), at 1395,
& F.N. 8, The defendants' did nothing to inquire into or investigate
Alexander's complaints. F.N.8. Judge Bilby made an observation
that would strike a responsive chord in the hearts of most citizens,
"you See, that's one of the things about bureaucrates that bothers
me . you just can't sit on your duff and not do anything." He then
announced that "[I]F you just sit around and don't do anything,
you do run a chance of being Responsible." We agree whole
heartedly.

In MR. Sandovals' case there is no difference. The WDOC officials
(defendants) failed to perform a clearly established duty that
they were required to perform in order to protect the constitutional
Rights of plaintiff. Their duties were clearly established by virtue of
the WDOC Policies and Procedures, Regulations, which they were legally
obligated to perform, (Appeal's, Notices by Letters, and Grievances),
Instead they (defendant's) condoned the denial of his marriage with
out any justification and allowed the Retaliatory Ad-Seg placement
and transfer. The failure to investigate. Letters, Appeals, and

—4—

Grievances is in itself sufficient evidence to support a clear finding of liability. The grievance, and appeal processes is designed to check the actions of the prison officials, because it is intended to correct any abuse. The defendants present no evidence at all in their motion for summary judgment that they investigated any of Mr. Sandoval's claims. This failure to investigate constitutes deliberate indifference. The defendants, asserted explanations without any corroborating evidence to the contrary, that the denial to marry another offender furthered the legitimate penological interest of correctional safety. (Naked assertions).

9. For the record Mr. Sandoval has never been assaulted for being openly gay, for the defendants' to claim same-sex marriage is a threat in prison is outrageous, and poses no security threat. Plaintiff served his entire 35 year prison sentence.

10. In defendants' motion for summary judgment at page 6 lines 18-26, they claim a lack of financial resources to accommodate marriage ceremonies, but allow other ethnic's to marry except same-sex. In WDOC their is what is called (Inmate-Betterment funds) to pay for the needs of inmates, TV-Cable, weight-lifting equipment, ect, things not constitutionally required.

They also assert that permiting SAME - SEX marriage "drains the prison resource." Denying plaintiff or anyone else their right to marry, a fundamental right, for financial budgetary is in itself a violation of united states federal constitutional rights of the first and fourteenth amendments (unequivocally). Plaintiff asserts that the court must review the defendants conduct at the time of the incidents. See, GROSSMAN V. CITY OF PORTLAND, 33 F.3d

1200, JT 1208-09, An official's claim of qualified immunity will be defeated if, "in the light of pre-existing law" the unlawfulness of his conduct was "apparent." JT 1209, (individuals cannot always be held immune for the results of their official conduct simply because they were enforcing policies or orders promulgated by those with superior authority. Where a statute author- izes official conduct which is patently violative of fundamen- tal principles, an officer who enforces that statute is not enti- tled to qualified immunity.

FIRST: Defendant's violated the FIRST and FOURTEENTH Amendments of the U.S. Federal Constitution, the right to exercise his Religious belief and denied Plaintiff to marry. See: EXH-A.

Second: Plaintiff had the right to be treated equally to all other similarly situated individuals.

Third: Plaintiff had the right to not be retaliated against for participating in his Constitutional Federal Rights.

FOURTH: Plaintiff had placed defendants on notice that their unlawful, unconstitutional conduct is violating his rights. See, MARCOTTE V. MONROE CORRECTIONAL COMPLEX, 394 F. Supp. 2d 1289, 1297-98, (W.D. Wash. 2005) (Prison official's can be informed sufficiently to hold them liable in several ways. One is failure to act on a "Report or appeal" within the prison system, including a grievance, Plaintiff filed numerous Grievances, #14562653, 14565939, 14565941, 14564882, 14565937, 14565859, and 14565861, along with appeals, See, EXH-G, 1-2, EXH-F, 1-2, and EXH-R, and Letters. See, EXH- B, C, D, All of Plaintiff's attempts were futile, even a state Tort-claim.

590.200

NOW, defendants claim DOC Policy was UNCONSTITUTIONAL in 2014, To avoid liability and Recieve the PROTECTION of Qualified IMMUNITY, However, This COURT has already Ruled That DOC Policy 590.200 FROM 2013 to 2015 was NOT UNCONSTITUTIONAL. See, Fisher V. WARNER, 2015 WL 1282143.

The defendants Viloated clearly established law, in 2014, and Convinced The COURT ThaT iT is Constitutional in 2015, an NOW in 2018, are claiming iT is UNCONSTITUTIONAL to Recieve the PROTECTion of qualified immunity for DOC Policy 590.200 (2014), This is absurd, and is Playing The Game with the COURT.

Defendants knew they were Violating Constitutional Rights, Policies and STATE law, but disregarded, due to Their intentional Hate.

Plaintiff even had Counselor's Tell him What He is doing is legal, and DOC will NOT adhere To the laws, OR Your Rights.

Plaintiff WANTS a full-Jury Trial, and This SUMMARY Judgment MUST be denied, and another INJUNCTION MUST be filed again after The Ruling here.   RESPECTFULLY SUBMITTED;

M. Bernardino Sandoval

DATED:                           BKT #218007343/E-136L/Pro-Se

AUGUST 13th, 2018.        King Co. Jail (Kent-RJC)
                                       620 WEST JAMES STREET
                                       Kent, WA 98032-4487


AFFIDAVIT:


— 7 —

# APPENDIX

P.1, I. PRELIMINARY HISTORY OF THE CASE

P.2, EXH-A (LETTER dated 07-02-14)

P.2, DKT-1, (42 U.S.C. § 1983 COMPLAINT)

P.2, II. PLAINTIFF RESPONSE IN OPPOSITION

P.2, ISSUES IN DISPUTE

P.3, EXH-1, DOC POLICY 590.200 (03/15/13)

P.3, EXH-2 (Ad-Seg PAPERS 1-6)

P.3, ATTACHMENT-A, (DKT-51-1), DOC POLICY 590.200 (07/27/17).

P.4, III. GENUINE ISSUES OF MATERIAL FACT IN DISPUTE /LEGAL ARGUMENT

P.4, EXH-A, (LETTER dated 07/02/14)

P.6, EXH-2, (Ad-Seg PAPERS 1-6)

P.7, AFFIDAVIT-X

P.8, EXH-3, DOC POLICY 100.500.

P.11, EXH-1 DOC POLICY 590.200 (03/15/13)

P.11, DKT-1 (42 U.S.C. § 1983 COMPLAINT)

P.12, EXH-A (LETTER dated 07/02/14)

P.12, EXH-1, DOC POLICY 590.200 (03/15/13)

P.14, ATTACHMENT- (DKT-51-1) DOC POLICY 590.200 (07/27/17).

P.15, ATTACHMENT-A (DKT-50-1) (Belinda D. STEWART Declaration)

P.18, DKT-14, (DEFENDANT'S ANSWER TO THE COMPLAINT)

P.18, DKT-42-7 (DEPOSITION OF Alan FRENCH) P.3 of 4. Lines 22-24.

P.18, EXH-1, DOC POLICY 590.200 (03/15/13)

P.19, IV. CONCLUSION

P. 20. AFFIDAVIT-X, IN SUPPORT.


AFFIDAVIT-X

P. 2, EXH-A, (LETTER DATED JULY 2, 2014).
P. 3, EXH-2, (AD-SEG PAPERS 1-6).


P. 4, EXH-E, (NAMES AND DOC# OF MR. PILCHER & MR. GOLDEN).
P. 4, EXH-C, (LETTER FROM MR. SANDOVAL, MAY 11, 2014).
P. 4, EXH-B, (LETTER TO MR. SANDOVAL 12/17/14).
P. 4, EXH-D, (LETTER TO MR. SANDOVAL, 06/02/14).
P. 6, EXH-A, (LETTER FROM MR. OBENLAND, 06/02/14).
P. 6, EXH-G, 1 (LETTER TO GRIEVANCE MANAGER, 07/11/14).
P. 6, EXH-G, 2, (GRIEVANCE #14562653, DATED 06/03/14).
P. 6, EXH-R, (LETTER TO MR. WARNER JULY 4th 2014).
P. 6, EXH-B, (LETTER FROM CLASSIFICATION 12/17/14).
P. 6, EXH-C, (LETTER FROM MR. SANDOVAL 05-11-14).
P. 6, EXH-D, (LETTER TO MR. SANDOVAL 06/02/14).

QCRCC

EXH-A.



STATE OF WASHINGTON
## DEPARTMENT OF CORRECTIONS
CLALLAM BAY CORRECTIONS CENTER
1830 Eagle Crest Way • Clallam Bay, WA 98326-9723 • (360) 963-2000
FAX (360) 963-3390

July 2, 2014

TO:      Sandoval, Lorenzo
           DOC 283632   EE01

FROM:   Mike Obenland, Superintendent
           Clallam Bay Corrections Center

SUBJECT:   Correspondence

This is in response to your letter to Associate Superintendent Diimmel in which you explain why you believe you should be allowed to proceed with submitting a marriage application to allow you and another offender start the process for requesting approval to marry.

In reviewing DOC Policy 590.200 states the intended spouse/state registered domestic partner must be on the offender's approved visit list. Your intended spouse is not eligible to be placed on your visit list. You request to get married is denied, due to ineligibility.

I would encourage you to discuss your concerns regarding your Ad Seg status and possible transfer with your counselor and classification team.

MO:kme
cc:     Associate Superintendent Diimmel
       CPM Smith
       CUS McKenney
       Counselor Moseley
       Central file

*"Working Together for SAFE Communities"*

♻ recycled paper

FROM: MR. LORENZO B- (GINO) Sandoval #283632 EE-O (Seg)
                                                                          CBCC

TO: BERNARD E. WARNER  SECRETARY OF DOC.

DATE: JULY 4th, 2014

RE: APPEAL (DENIAL OF MARRIAGE) RCW 4.26. et. Seg
                                                     (SAME SEX MARRIAGE)

JUL 10 2014   CORRESPONDENCE UNIT

        MR. WARNER,
        This is My APPEAL TO You, Regarding The denial of
MY RIGHT TO MARRY!
        IN MAY 2014, Me and My intended SPOUSE
Alan R. French, submitted MARRIAGE APPLICATIONS in accordance
WITH STATE law RCW§4.26. et. Seg. (SAME SEX MARRIAGE)
        ON 6-26-14, I WAS Retaliated against and Placed in
Segregation FOR ATTEMPTING TO MARRY, and TO
Keep Me and My PARTNER SEPARATED. I WAS NOT given The
OPPORTUNITY TO Complete The MARRIAGE APPLICATION Process,
And WAS denied on 7-2-14, by The SuPERINTendent MR.
Mike R. Obenland. His Reason FOR his denial is:
"DOC Policy 570.200 STATES: The intended SPOUSE/STATE Registered
domestic PARTNER MUST be on The offender's APPROVED VISIT
List. YOUR intended SPOUSE is not eligible to be Placed on
YOUR VISIT LIST. YOUR Request TO get MARRIED is denied due TO
ineligibility."
        This Policy Violates STATE law RCW 4.26. et. Seg
And STATE Constitution ARTICLE 1, Sec 12, And of The U.S. Federal
Constitution's 14th Amendment OF The Equal PROTECTION of the
law, PROcedural due PROCESS of law, And (Life and Liberty).
MARRIAGE is a fundamental Liberty INTEREST.
        I AM NOW being TRANSFERRED in Retaliation because I TRIED
TO get MARRIED. If You Condone These UNCONSTITUTIONAL
Acts I will be FORCED TO PetiTION The government FOR a
Redress of MY GRIEVANCES IN A U.S. DISTRICT COURT. I will
File FOR DeclaRATORY and INJUNCTIVE Relief and Sue Several
individuals (CBCC and HeadQUARTER official(s) IN Their indi-
idual capacities FOR five million dollars. $
        I AM ASKING You TO Please Allow me TO Complete The
MARRIAGE PROcess and Allow me to be MARRIED. REVERSE THE DENIAL of
MY RIGHT TO MARRY. These Acts Are discriminating To
Say The least, and Retaliatory. FOR exercising my Right


| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 3/15/13 | PAGE NUMBER 1 of 8 | NUMBER **DOC 590.200** |
| **POLICY** | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

### REVIEW/REVISION HISTORY:

Effective:   12/7/84 DOC 730.010
Revised:     10/1/85
Revised:     11/20/87 DOC 590.200
Revised:     4/11/03
Revised:     12/1/06
Revised:     3/20/08
Revised:     3/10/09
Revised:     1/18/11
Revised:     11/19/12
Revised:     3/15/13

### SUMMARY OF REVISION/REVIEW:

V.A.1. - Added that the facility Chaplain will supervise the ceremony

### APPROVED:

Signature on file

_____
**BERNARD WARNER**, Secretary
Department of Corrections

3/5/13
_____
Date Signed



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 3/15/13 | PAGE NUMBER 2 of 8 | NUMBER **DOC 590.200** |
| **POLICY** | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

**REFERENCES:**

DOC 100.100 is hereby incorporated into this policy; RCW 26.04; RCW 26.60; WAC 137-54-030; WAC 137-54-040; ACA 4-4277; DOC 100.500 Offender Non-Discrimination; DOC 400.030 Security Guidelines for Wireless Portable Technology in Facilities; DOC 450.300 Visits for Prison Offenders; DOC 540.105 Recreation Program for Offenders; DOC 590.100 Extended Family Visiting; DOC 700.100 Class III Offender Employment and Compensation

**POLICY:**

I.      The Department will provide a means for offenders to marry or enter into state registered domestic partnerships during their incarceration.  The Department neither approves nor disapproves of offender marriage or domestic partnership. [4-4277]

II.     Offender marriages must comply with RCW 26.04. Offender state registered domestic partnerships must comply with RCW 26.60.

III.    Applicants must adhere to the policy requirements to be considered for programs and privileges offered for married individuals/state registered domestic partners.

**DIRECTIVE:**

I.      Requirements

A.      Offenders must be under Department jurisdiction for one year before beginning the marriage/state registered domestic partnership application process.

B.      Offenders in Segregation or in an Intensive Management Unit (IMU) or Close Observation Area cannot initiate a marriage/state registered domestic partnership application.

C.      Application processing may be suspended while an offender is in IMU or a Close Observation Area.

    1.      When the application process is suspended, a chrono will be entered in the offender's electronic file, and the documents will be scanned into the offender's electronic imaging file.  The original documents will be returned to the appropriate person.

D.      Offenders who are boarders must have permission from the Out-of-State Department or the Regional Director of the Federal Bureau of Prisons.

E.      Both the offender and the intended spouse/state registered domestic partner must be eligible to legally marry or enter into a state registered domestic partnership in Washington State.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | **APPLICABILITY** **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 3/15/13 | **PAGE NUMBER** 3 of 8 | **NUMBER** **DOC 590.200** |
| **POLICY** | **TITLE** **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |



 F. The intended spouse/state registered domestic partner must be on the offender's approved visitor list per DOC 450.300 Visits for Prison Offenders.

 Eligibility for extended family visits will be determined per DOC 590.100 Extended Family Visiting.

II.  Marriage Application

A.  Both the offender and the intended spouse/state registered domestic partner must submit written intent to marry or enter into a state registered domestic partnership.

1.  The offender will send DOC 20-213 Marriage/State Registered Domestic Partnership Application For Intended Spouse/State Registered Domestic Partner Use to his/her intended spouse/state registered domestic partner. The form is also available on the Department's website at http://www.doc.wa.gov/.

2.  The intended spouse/state registered domestic partner will complete and submit the form to the offender's Counselor with the following documents attached:

    a.  Copy of his/her photo identification,
    b.  Certified copy of his/her birth certificate, and
    c.  Certified copies of divorce/dissolution decrees for all prior marriages/state registered domestic partnerships, as applicable.

3.  The offender will complete DOC 20-214 Marriage/State Registered Domestic Partnership Application For Offender Use, attach a certified copy of his/her birth certificate and certified copies of divorce/dissolution decrees for all prior marriages/state registered domestic partnerships, as applicable, and submit them to his/her Counselor.

B.  The Counselor will process applications using DOC 20-443 Marriage/State Registered Domestic Partnership Process Checklist and will review the submitted documents to determine eligibility for marriage/state registered domestic partnership.



C.  The Facility Risk Management Team will decide whether the application process should continue.  If the application is denied, the Correctional Unit Supervisor will notify the offender and intended spouse/state registered domestic partner, in writing, of the reason for denial (e.g., failure to meet eligibility requirements).



| STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE<br>3/15/13 | PAGE NUMBER<br>4 of 8 | NUMBER<br>**DOC 590.200** |
| **POLICY** | TITLE<br>**OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

D.  If approved to proceed, the offender must sign DOC 20-215 Marriage/State Registered Domestic Partnership Approval for Release of Information to allow his/her Counselor to provide written information to the intended spouse/state registered domestic partner regarding the offender's criminal history, current offense, and sentence timeline.

E.  The Counselor will provide the intended spouse/state registered domestic partner an updated Criminal Conviction Record (CCR) and an official description of the offender's current conviction.

F.  The intended spouse/state registered domestic partner must sign DOC 20-215 Marriage/State Registered Domestic Partnership Approval for Release of Information indicating s/he has read and understands the information received and still wishes to marry or enter into a state registered domestic partnership with the offender.

G.  The Correctional Unit Supervisor will send DOC 20-218 Marriage/State Registered Domestic Partnership Approval Routing and the following completed forms to the Superintendent/designee with copies of all birth certificates and divorce/dissolution decrees:

   1.  DOC 20-213 Marriage/State Registered Domestic Partnership Application For Intended Spouse/State Registered Domestic Partner Use,

   2.  DOC 20-214 Marriage/State Registered Domestic Partnership Application For Offender Use, and

   3.  DOC 20-215 Marriage/State Registered Domestic Partnership Approval for Release of Information.

H.  The offender will meet with the Superintendent/designee to discuss the marriage/ state registered domestic partnership process.  The Superintendent has final approval for all offender requests to marry or enter into state registered domestic partnership.

   1.  The entire packet will be scanned into the offender's electronic imaging file after a final decision is made and the forms are signed.

III.  Counseling

A.  The offender and the intended spouse/state registered domestic partner will participate in counseling prior to marriage or entering into a state registered domestic partnership.  The counseling will be conducted by the officiating clergy, if qualified, or a certified professional counselor obtained by the couple.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 3/15/13 | PAGE NUMBER 5 of 8 | NUMBER **DOC 590.200** |
| **POLICY** | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

    B.    The clergy or certified professional counselor will be provided with the offender's criminal history and complete DOC 20-444 Marriage/State Registered Domestic Partnership Counseling Requirements.

        1.    The couple will be responsible for any costs associated with the counseling.

        2.    The counseling will include a full disclosure of the offender's criminal history to the intended spouse/state registered domestic partner.

        3.    Minor children and other family members living in the home may be included in the counseling.

        4.    Counseling may be conducted by telephone.

IV.    License/Certificate

    A.    After the Superintendent has approved the marriage/state registered domestic partnership request, the intended spouse/state registered domestic partner is responsible for obtaining the license/certificate.

        1.    The intended spouse/state registered domestic partner will pick up the license application/declaration and send it to the offender, who will sign it in front of a notary public.

        2.    The offender will then return the license application/declaration to the intended spouse/state registered domestic partner, who will obtain the license/certificate.

V.    Ceremony

    A.    A ceremony will be held for offender marriages in compliance with state statute. While not legally required, a ceremony will be offered to offenders entering into a state registered domestic partnership.

        1.    The facility Chaplain will supervise the ceremony, which will be performed by:

            a.    An outside officiant (e.g., magistrate, clergy, etc.) obtained by the offender and intended state registered domestic partner, or

            b.    The facility Chaplain directly or a contract Chaplain or religious volunteer clergy, at his/her own discretion, consistent with state requirements and the requirements of his/her endorsing agency or religious group/denomination.



| STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE<br>3/15/13 | PAGE NUMBER<br>6 of 8 | NUMBER<br>**DOC 590.200** |
| **POLICY** | TITLE<br>**OFFENDER MARRIAGES AND STATE REGISTERED<br>DOMESTIC PARTNERSHIPS** | | |

2. Any outside officiant must clear a National Crime Information Center (NCIC) background check and have Superintendent/designee approval based on the following:

    a. An officiant performing a religious ceremony must:

        1) Be qualified under RCW 26.04 to perform marriages in Washington State,

        2) Have no felony convictions within the past 10 years, and

        3) Submit a certified document verifying his/her authority to perform the ceremony as recognized by the offender's religious or faith-based organization, along with a current letter of appointment or a letter stating s/he is in good standing from the ordaining body or religious authority.

    b. A member of the judiciary performing a civil ceremony must submit his/her letter of appointment or oath of office.

B. The couple will be responsible for costs associated with the ceremony.

C. The ceremony will be private and conducted without media coverage. In addition to the couple and officiant, the following individuals may attend the ceremony:

    1. Ceremony participants required by the religion or faith-based organization of the offender or intended spouse/state registered domestic partner. Participants must clear an NCIC background check and require Superintendent/designee approval.

    2. Children of the offender and/or intended spouse/state registered domestic partner.

    3. A professional photographer, who must clear an NCIC background check and requires Superintendent/designee approval.

    4. Up to 6 other attendees, as approved by the Counselor. Attendees must be on the offender's approved visitor list or be approved through the special visit process.

    5. One offender, if approved by the Superintendent/designee.

D. All attendees must comply with dress standards in DOC 450.300 Visits for Prison Offenders. Exceptions require Superintendent/designee approval.



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 3/15/13 | PAGE NUMBER 7 of 8 | NUMBER DOC 590.200 |
| **POLICY** | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

E.   Any items brought into the facility by an outside officiant or attendee require approval from the Superintendent/designee in advance. Religious items will be consistent with the requirements for allowable religious items per DOC 560.200 Religious Programs.

F.   The offender and intended spouse/state registered domestic partner must read, sign, and follow DOC 20-219 Acknowledgment of DOC 590.200 Offender Marriages and State Registered Domestic Partnerships.

G.   After the ceremony, the Superintendent/designee will complete the Authorized Marriage/State Registered Domestic Partnership Report section of DOC 20-218 Marriage/State Registered Domestic Partnership Approval Routing. The form will be scanned into the offender's electronic imaging file, along with a copy of the certificate and/or license.

VI.   Photographs

A.   Photography will meet the following requirements:

1.   The couple will be responsible for any costs associated with photography.

2.   Offender photographers will comply with DOC 540.105 Recreation Program for Offenders and/or DOC 700.100 Class III Offender Employment and Compensation, as applicable.

3.   Photographs will be reviewed for content and compliance with policy.

a.   Photographs with suggestive or rude posturing, gang signs, or the appearance of gang affiliation will not be permitted.

b.   Offenders will not be photographed with other offenders except with Superintendent/designee approval.

B.   If a digital camera is available at the facility, the intended spouse/state registered domestic partner may bring a memory card to use in the camera consistent with DOC 400.030 Security Guidelines for Wireless Portable Technology in Facilities.

**DEFINITIONS:**

Words/terms appearing in this policy may be defined in the glossary section of the Policy Manual.

**ATTACHMENTS:**

None



| STATE OF WASHINGTON<br>DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE<br>3/15/13 | PAGE NUMBER<br>8 of 8 | NUMBER<br>**DOC 590.200** |
| **POLICY** | TITLE<br>**OFFENDER MARRIAGES AND STATE REGISTERED<br>DOMESTIC PARTNERSHIPS** | | |

**DOC FORMS:**

DOC 20-213 Marriage/State Registered Domestic Partnership Application For Intended Spouse/State Registered Domestic Partner Use

DOC 20-214 Marriage/State Registered Domestic Partnership Application For Offender Use

DOC 20-215 Marriage/State Registered Domestic Partnership Approval for Release of Information

DOC 20-218 Marriage/State Registered Domestic Partnership Approval Routing

DOC 20-219 Acknowledgment of DOC 590.200 Offender Marriages and State Registered Domestic Partnerships

DOC 20-443 Marriage/State Registered Domestic Partnership Process Checklist

DOC 20-444 Marriage/State Registered Domestic Partnership Counseling Requirements

EXH-2
1-6
①

**Department of**
# Corrections
WASHINGTON STATE

**AD SEG/IMU REVIEW NOTICE/APPEARANCE WAIVER**

| OFFENDER NAME | DOC NUMBER | FACILITY | DATE |
|---|---|---|---|
| Sandoval, Lorenzo | 283632 | CBCC H | 06-26-14 |

| HEARING SCHEDULED FOR: | DATE 06-30-14 | LOCATION IMU | TIME TBD |
|---|---|---|---|

REASON FOR HEARING (INCLUDE ALL ALLEGATIONS OF MISCONDUCT AND ANY CRIMINAL CHARGES PENDING IF APPROPRIATE)
Threat to other/Self/Security.

☐ *I HAVE BEEN PROVIDED A CERTIFIED SIGN LANGUAGE INTERPRETER*

INTERPRETER NAME/DATE

☐ *I HAVE BEEN PROVIDED WITH A SPANISH TRANSLATION OF THE CHARGES AGAINST ME ON*
*SE ME HA DADO UNA TRADUCCION AL ESPANOL DE LOS CARGOS EN ME CONTRA EL DIA*

_____ AT _____ _____
DATE/FETCHA           TIME/HORA        OFFENDER SIGNATURE/FIRMA DE OFENSOR

**OFFENDER RIGHTS:**

☐ YOU HAVE THE RIGHT TO REMAIN SILENT AT THE HEARING. IF YOU CHOOSE TO REMAIN SILENT, YOUR SILENCE MAY BE USED AGAINST YOU AND THE DECISION WILL BE BASED ON THE EVIDENCE PRESENTED.

☐ YOU MAY WAIVE YOUR APPEARANCE AT THE HEARING.

☐ YOU DO NOT HAVE A RIGHT TO CROSS EXAMINE WITNESSES, HAVE THE INFRACTING STAFF PRESENT AT THE HEARING, OR HAVE A POLYGRAPH OR OTHER SUPPLEMENTAL TESTS.

☐ YOU MAY REQUEST WRITTEN WITNESS STATEMENTS: (List Witnesses Below)

| STAFF NAME | POSITION | OFFENDER NAME | DOC NUMBER |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

☐ CRIMINAL CHARGES MAY BE PENDING. ANYTHING YOU SAY HENCEFORTH MAY BE USED AGAINST YOU IN A COURT OF LAW

STATUS OF CRIMINAL CHARGES:  ☐ NONE  ☐ UNKNOWN  ☐ PENDING IN _____ _____
                                                          COUNTY        CHARGES

☐ YOU HAVE THE RIGHT TO REVIEW ALL RELATED REPORTS AND A SUMMARY OF ANY CONFIDENTIAL INFORMATION.

☐ YOU MAY REQUEST A STAFF ADVISOR (If approved by the Hearing Officer).                     ☐ REQUESTED  ☐ WAIVED

☐ YOU MAY REQUEST AN INTERPRISER (If unable to speak and/or understand the English language).  ☐ REQUESTED  ☐ WAIVED

☐ YOU MAY REQUEST A CERTIFIED SIGN LANGUAGE INTERPRETER IF YOU ARE HEARING IMPAIRED.           ☐ REQUESTED  ☐ WAIVED

☐ YOU MAY APPEAL THE DECISION AND/OR SANCTIONS TO THE FACILITY SUPERINTENDENT/DESIGNEE.

☐ YOU MAY BE PRESENT AT ALL STAGES OF THE MEETING EXCEPT DURING DISCUSSION INVOLVING INFORMATION FROM CONFIDENTIAL SOURCES.

X ☐ I, _Sandoval, Lorenzo_____, NUMBER __283632_____ WAIVE MY RIGHT TO THE REQUIRED 48 HOURS NOTICE PRIOR TO BEING SEEN BY THE (CLASSIFICATION/ADMINISTRATIVE SEGREGATION) HEARING OFFICE AND AUTHORIZE THE HEARING OFFICER TO MAKE A DISPOSITION REGARDING THE INFORMATION AND EVIDENCE PRESENTED TO THE HEARING OFFICER AS PERTAINS TO MY PARTICULAR SITUATION.

X ☐ I, _Sandoval, Lorenzo_____, NUMBER __283632_____ WAIVE MY RIGHT TO ATTEND THIS SCHEDULED HEARING. I UNDERSTAND THAT THE HEARING WILL BE HELD IN MY ABSENCE.

*COPY OF THIS FORM AND INFRACTION, WITH ANY ATTACHMENTS, RECEIVED.*

_____          _____  _____
Offender/Witness Signature                      Date       Time

_____          _____  _____
Staff Signature                                 Date       Time

*IT APPeALed To HQ CLASSifica-*
*-Tion MyTRANSfeR. 7-9-14*

②



Department of
# Corrections
WASHINGTON STATE

## SEGREGATION AUTHORIZATION

| Offender's Name | DOC Number | Facility | Date Placed in Segregation |
|---|---|---|---|
| Sandoval, Lorenzo | 283632 | CBCC H | 06-26-14 |

### Section I

**REASON FOR PLACEMENT:**

☒ Threat to other/Self/Security
☐ Own Request
☐ Infraction Submitted
☐ Summary of Confidential Information
☐ Other (Explain)

**SPECIAL INSTRUCTIONS:**

☐ Special Diet
☐ Medications (List Rx)

☐ Other (Explain)

| LT. Riddle, C. | LT. Riddle, Carroll E. |
|---|---|
| Requesting Staff | Signature of Authorizing Lieutenant/Correctional Unit Supervisor |

### SPECIFIC REASONS FOR PLACEMENT AND RECOMMENDATION TO SUPERINTENDENT

At approximately __15:30__ ☐ a.m. ☒ p.m. on __06-26-14__ offender __Sandoval, Lorenzo__ was placed in
☒ Administrative Segregation pursuant to WAC 137-32-005 and/or was placed in ☐ Pre-Hearing Confinement per WAC 137-28-280 due to infraction(s).

Details for reason(s) for placement are as follows: ( Offender Sandoval is being placed on Ad-Seg status pending housing review and possible transfer to another facility.

| Reviewed and Approved By: (Superintendent/Designee) | | Date | Escorting Staff |
|---|---|---|---|

### Section II

| Next Action Due By: | Notification of Initial Review: Serve DOC 05-797 Ad Seg/IMU Review Notice/Appearance Waiver now |
|---|---|
| Date: N/A | Time: TBD    Date: 6/30/2014 |

Sandoval, Lorenzo
Offender Signature                                                              Date


Serving/Reporting Staff Signature                                              Date


Offender Refuses to Sign – Witness Signature                                   Date

**The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.**

Distribution:    **Original- Central File**        **COPY** - Hearing Office, Segregation Unit Supervisor, Superintendent, Offender

DOC 17-075 (Rev. 08/09/10)                                                   DOC 320.200, DOC 460.000




Department of
# Corrections
WASHINGTON STATE

**ADMINISTRATIVE SEGREGATION REFERRAL**

| Offender Name<br>Sandoval, Lorenzo | DOC Number<br>283632 | Facility<br>CBCC H | Date<br>06-26-14 |
|---|---|---|---|
| Reason for Segregation<br>Threat to other/Self/Security. | | | Date Placed in Segregation<br>06-26-14 |

**INSTRUCTIONS:** Be as specific as possible. Include: **1)** Why offender was placed in segregation, **2)** Incidents leading to segregation, **3)** Individuals involved, and **4)** Where incidents occurred.

(Each attachment should be stamped ☒ DISCLOSABLE or ☐ NON-DISCLOSABLE.)

Offender Sandoval is being placed on Ad-Seg status pending housing review and possible transfer to another facility.

An <u>investigation</u> has been initiated on this date to determine the cause and nature of this incident and evaluate this offender's suitability for general population. I recommend Offender Sandoval, Lorenzo #283632 be retained on Administrative Segregation pending the outcome of the investigation and until suitable housing can be determined.

| Submitted By<br>**Riddle, C.** | Position<br>LT. | Date<br>06-26-14 |
|---|---|---|

| Reviewed By Superintendent/Designee | | Date |
|---|---|---|



E-1

**Department of Corrections**
WASHINGTON STATE

**ADMINISTRATIVE SEGREGATION REVIEW**
*REVISION DE SEGREGACIÓN ADMINISTRATIVA*

| Offender Name / *Nombre del interno/interna* | DOC Number / *Núm. DOC* | Facility / *Institución* | Date / *Fecha* |
|---|---|---|---|
| Sandoval, Lorenzo | 283632 | CBCC  Cell: EE01 | 6/27/14 |

**INSTRUCTIONS:** Be specific as to reasons, including: 1) specific reasons for placement, 2) specific reasons for continuing placement, and 3) specific reasons for release from Segregation. Ensure that WHO, WHAT, WHEN, WHERE, AND HOW have been fully explained in "Reason for placement" section. Include offender response to allegations, as appropriate.

*INSTRUCCIONES: Dé detalles, incluyendo: 1) razones específicas por la colocación, 2) razones específicas para que siga el interno en segregación, y 3) razones específicas para dejar salir al interno de segregación. Asegúrese de explicar QUIÉN, QUÉ, CUÁNDO, DÓNDE y CÓMO en la sección para explicaciones. Incluya la respuesta del interno a las acusaciones, según sea aropiado.*

| INITIAL ASSIGNMENT DATE *COLOCACIÓN INICIAL (FECHA)* | 6/26/14 | ☐ Special Housing Intake / *Ingreso en vivienda especial* | ☒ Initial/*Inicial* | ☐ Intermediate *Intermedia* | ☐ Final/*Final* |
|---|---|---|---|---|---|

## RECOMMENDATIONS - *RECOMENDACIONES*

| ☐ Release from Segregation *Liberar de segregación* | ☒ Continue Segregation and Schedule Next Review *Seguir en segregación y programe próxima revisión* | ☐ Release from Segregation and Place on Special Housing Assignment Protections/Mental Health *Liberar de segregación y colocar en vivienda especial de protección/salud mental* |
|---|---|---|

## REASONS FOR CONTINUING BEYOND 72 HOURS - *RAZONES DE SEGUIR MÁS ALLÁ DE 72 HORAS*

| ☐ Threat to Others *Amenaza a otros* | ☐ Threat to Self *Amenaza a sí mismo* | ☒ Threat to Security *Amenaza a la seguridad* | ☐ Threat to Orderliness of Facility *Amenaza a orden institucional* | ☐ Other (Specify Below) *Otro (Detalles abajo)* |
|---|---|---|---|---|

Reason for placement / *Razón por la colocación:* Placed in IMU for housing review and possible transfer.

Information presented by offender / *Información provista por el interno:* Sandoval stated that he had no problem being transferred, but he requested that he be allowed to complete his marriage process first. He expressed his concern that he did not want this to impact his conditional parole.

Information presented by others including witnesses and/or confidential information: The AdSeg Hearing Officer informed Sandoval that he would research and provide Sandoval with more specifics about his placement.
*Información provista por otros, incluyendo testigos y/o información confidencial:*

Adjustment and IBMP / *Adaptación e IBMP:* NOTICE CONCERNING EARNED RELEASE TIME: An offender on AdSeg for other than negative behavior (serious infraction, placed on IMS, etc) will continue to earn earned time, provided he maintains a positive attitude throughout the placement per DOC350.100.III.B.4

Was offender present at hearing (if no, why) / *Interno presente en la audiencia (si no, ¿por qué no?)* Yes

Recommendation and justification / *Recomendación y justificación:* Recommend that this offender be retained in IMU until the investigation has been completed and any imposed segregation sanctions are completed, or it has been determined that his safety and security risk does not necessitate further segregation from general population. ▓▓▓▓▓▓▓▓

| ☐ **MODIFY DECISION TO / *MODIFIQUE DECISIÓN A*** | | |
|---|---|---|
| ☐ Offender Requires Monitoring for Medication *Interno requiere vigilancia por sus medicamentos* | | |
| ☐ Offender Requires Special Diet *Interno requiere una dieta especial* | Miles Lawson, CS3 Signature / *Firma* | 6/27/14 Date / *Fecha* |

| **SUPERINTENDENT/DESIGNEE** *SUPERINTENDENTE/DESIGNADO* | | |
|---|---|---|
| ☒ Approves / *Aprueba*    ☐ Denies / *Deniega* | S. Diimmel Superintendent/Designee's *Signatura* *Firma del Superintendente/Designado* | 6/27/14 Date / *Fecha* |



⑤

**Department of**
# Corrections
W A S H I N G T O N   S T A T E

**AD SEG REVIEW NOTICE/APPEARANCE WAIVER**

| OFFENDER NAME | DOC NUMBER | FACILITY | | DATE |
|---|---|---|---|---|
| Sandoval, Lorenzo | 283632 | CBCC | E-E01 | 7/09/14 |

| HEARING SCHEDULED FOR: | DATE 7/09/14 | LOCATION CBCC | TIME Between 8:00 a.m. and Noon |
|---|---|---|---|

REASON FOR HEARING (INCLUDE ALL ALLEGATIONS OF MISCONDUCT AND ANY CRIMINAL CHARGES PENDING IF APPROPRIATE)
Intermediate Administrative Segregation Review

☐ *I HAVE BEEN PROVIDED A CERTIFIED SIGN LANGUAGE INTERPRETER*

INTERPRETER NAME/DATE     ☐ *I HAVE BEEN PROVIDED WITH A SPANISH TRANSLATION OF THE CHARGES AGAINST ME ON*
*SE ME HA DADO UNA TRADUCCION AL ESPANOL DE LOS CARGOS EN ME CONTRA EL DIA*

_____ AT _____     _____
DATE/FETCHA          TIME/HORA          OFFENDER SIGNATURE/FIRMA DE OFENSOR

**OFFENDER RIGHTS:**

☒ YOU HAVE THE RIGHT TO REMAIN SILENT AT THE HEARING. IF YOU CHOOSE TO REMAIN SILENT, YOUR SILENCE MAY BE USED AGAINST YOU, AND THE DECISION WILL BE BASED ON THE EVIDENCE PRESENTED.

☒ YOU MAY WAIVE YOUR APPEARANCE AT THE HEARING.

☐ YOU DO NOT HAVE A RIGHT TO CROSS EXAMINE WITNESSES, HAVE THE INFRACTING STAFF PRESENT AT THE HEARING, OR HAVE A POLYGRAPH OR OTHER SUPPLEMENTAL TESTS.

☒ YOU MAY REQUEST WRITTEN WITNESS STATEMENTS: (List Witnesses Below)

| STAFF NAME | POSITION | OFFENDER NAME | DOC NUMBER |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

☒ CRIMINAL CHARGES MAY BE PENDING. ANYTHING YOU SAY HENCEFORTH MAY BE USED AGAINST YOU IN A COURT OF LAW

STATUS OF CRIMINAL CHARGES: ☐ NONE  ☐ UNKNOWN  ☐ PENDING IN _____
                                                                    COUNTY                    CHARGES

☒ YOU HAVE THE RIGHT TO REVIEW ALL RELATED REPORTS AND A SUMMARY OF ANY CONFIDENTIAL INFORMATION.

☒ YOU MAY REQUEST A STAFF ADVISOR (If approved by the Hearing Officer).     ☐ REQUESTED  ☐ WAIVED

☒ YOU MAY REQUEST AN INTERPRETER (If unable to speak and/or understand the English language).     ☐ REQUESTED  ☐ WAIVED

☒ YOU MAY REQUEST A CERTIFIED SIGN LANGUAGE INTERPRETER IF YOU ARE HEARING IMPAIRED.     ☐ REQUESTED  ☐ WAIVED

☒ YOU MAY APPEAL THE DECISION AND/OR SANCTIONS TO THE SUPERINTENDENT/DESIGNEE.

☒ YOU MAY BE PRESENT AT ALL STAGES OF THE MEETING, EXCEPT DURING DISCUSSION INVOLVING INFORMATION FROM CONFIDENTIAL SOURCES.

☒ I, Sandoval, Lorenzo , DOC NUMBER 283632 WAIVE MY RIGHT TO THE REQUIRED 48 HOURS NOTICE PRIOR TO BEING SEEN BY THE (CLASSIFICATION/ADMINISTRATIVE SEGREGATION) HEARING OFFICER AND AUTHORIZE THE HEARING OFFICER TO MAKE A DISPOSITION REGARDING THE INFORMATION AND EVIDENCE PRESENTED TO THE HEARING OFFICER AS PERTAINS TO MY PARTICULAR SITUATION.

☒ I, _____ , DOC NUMBER _____ WAIVE MY RIGHT TO ATTEND THIS SCHEDULED HEARING. I UNDERSTAND THAT THE HEARING WILL BE HELD IN MY ABSENCE.

*COPY OF THIS FORM AND INFRACTION, WITH ANY ATTACHMENTS, RECEIVED.*

_Lorenzo Sandoval_ _____     7-9-14     _____
Offender/Witness Signature          Date          Time

_____     _____     _____
Staff Signature          Date          Time

**The contents of this document may be eligible for public disclosure. Social Security Numbers are considered confidential information and will be redacted in the event of such a request. This form is governed by Executive Order 00-03, RCW 42.56, and RCW 40.14.**

Distribution:  ORIGINAL- Imaging System          COPY-Hearing Officer, Offender
DOC 05-797 (Rev. 10/22/12)                                                          DOC 320.200
Scan Code AD19 Scan & Toss



Rec'd
7-11-19



Department of
# Corrections
WASHINGTON STATE

**ADMINISTRATIVE SEGREGATION REVIEW**
*REVISION DE SEGREGACIÓN ADMINISTRATIVA*

| Offender Name / Nombre del interno/interna | DOC Number / Núm. DOC | Facility / Institución | Date / Fecha |
|---|---|---|---|
| Sandoval, Lorenzo | 283632 | CBCC  Cell: EE01 | 7/9/14 |

**INSTRUCTIONS:** Be specific as to reasons, including: 1) specific reasons for placement, 2) specific reasons for continuing placement, and 3) specific reasons for release from Segregation. Ensure that WHO, WHAT, WHEN, WHERE, AND HOW have been fully explained in "Reason for placement" section. Include offender response to allegations, as appropriate.

*INSTRUCCIONES: Dé detalles, incluyendo: 1) razones especificas por la colocación, 2) razones especificas para que siga el interno en segregación, y 3) razones especificas para dejar salir al interno de segregación. Asegúrese de explicar QUIÉN, QUÉ, CUÁNDO, DÓNDE y CÓMO en la sección para explicaciones. Incluya la respuesta del interno a las acusaciones, según sea apropiado.*

| INITIAL ASSIGNMENT DATE COLOCACIÓN INICIAL (FECHA) | 6/26/14 | ☐ Special Housing Intake / Ingreso en vivienda especial | ☐ Initial/Inicial | ☒ Intermediate Intermedia | ☐ Final/Final |
|---|---|---|---|---|---|

## RECOMMENDATIONS - RECOMENDACIONES

| ☐ Release from Segregation / Liberar de segregación | ☒ Continue Segregation and Schedule Next Review / Seguir en segregación y programe próxima revisión | ☐ Release from Segregation and Place on Special Housing Assignment Protections/Mental Health / Liberar de segregación y colocar en vivienda especial de protección/salud mental |
|---|---|---|

## REASONS FOR CONTINUING BEYOND 72 HOURS / RAZONES DE SEGUIR MÁS ALLÁ DE 72 HORAS

| ☐ Threat to Others / Amenaza a otros | ☐ Threat to Self / Amenaza a sí mismo | ☒ Threat to Security / Amenaza a la seguridad | ☐ Threat to Orderliness of Facility / Amenaza a orden institucional | ☐ Other (Specify Below) / Otro (Detalles abajo) |
|---|---|---|---|---|

Reason for placement / Razón por la colocación: <u>Placed in IMU for housing review and possible transfer.</u>

Information presented by offender / Información provista por el interno: Sandoval stated that the Superintendent or the Associate had not come to talk to him. He requested to know the specifics of this placement in IMU.

Information presented by others including witnesses and/or confidential information: The AdSeg Hearing Officer informed Sandoval that the Superintendent had ordered the segregation and transfer to avoid a potential PREA incident. Sandoval was advised that the plan was at HQ recommending maintain MI3 and transfer. The AdSeg Hearings Officer entered Sandoval's request for placement at MCC-TRU or AHCC into the Custody Facility Plan.
*Información provista por otros, incluyendo testigos y/o información confidencial:*

Adjustment and IBMP / Adaptación e IBMP: While in IMU, his behavior has been appropriate.

Was offender present at hearing (if no, why) / Interno presente en la audiencia (si no, ¿por qué no?): Yes.

Recommendation and justification / Recomendación y justificación: Recommend that this offender be retained in IMU until his transfer or it has been determined that it is not necessary for further segregation from general population.

| ☐ MODIFY DECISION TO / MODIFIQUE DECISIÓN A | | |
|---|---|---|
| ☐ Offender Requires Monitoring for Medication / Interno requiere vigilancia por sus medicamentos | | |
| ☐ Offender Requires Special Diet / Interno requiere una dieta especial | Miles Lawson, CS3 | 7/9/14 |
| | Signature / Firma | Date / Fecha |

| SUPERINTENDENT/DESIGNEE SUPERINTENDENTE/DESIGNADO | | |
|---|---|---|
| ☒ Approves / Aprueba   ☐ Denies / Deniega | S. Diimmel | 7/10/14 |
| | Superintendent/Designee's Signatura Firma del Superintendente/Designado | Date / Fecha |

| ☐ REASON FOR DENIAL/MODIFY DECISION TO / RAZÓN POR LA DENEGACIÓN – CAMBIE LA DECISIÓN A |
|---|

| Offender's Signature / Firma del interno o interna | Date / Fecha |
|---|---|

ATTACHMENT A (51-1)



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 7/27/17 | **PAGE NUMBER** 1 of 8 | **NUMBER** DOC 590.200 |

# POLICY

**TITLE**
**OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS**

## REVIEW/REVISION HISTORY:

Effective:   12/7/84 DOC 730.010
Revised:     10/1/85
Revised:     11/20/87 DOC 590.200
Revised:     4/11/03
Revised:     12/1/06
Revised:     3/20/08
Revised:     3/10/09
Revised:     1/18/11
Revised:     11/19/12
Revised:     3/15/13
Revised:     7/20/16
Revised:     7/27/17

## SUMMARY OF REVISION/REVIEW:

Added Policy Statement I.A.1 that marriage between 2 offenders confined in Department facilities is prohibited
Removed Directive I.F. that the intended spouse/state registered domestic partner must be on the offender's approved visitor list

## APPROVED:

Signature on file

**STEPHEN SINCLAIR**, Secretary
Department of Corrections

7/19/17
Date Signed

Sandoval v. Obenland, 3:17-cv-05667-RJB-DWC
DEFS 96

**ATTACHMENT A**



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 7/27/17 | PAGE NUMBER 2 of 8 | NUMBER **DOC 590.200** |
| **POLICY** | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

**REFERENCES:**

DOC 100.100 is hereby incorporated into this policy; RCW 26.04; RCW 26.60; WAC 137-54-030; WAC 137-54-040; ACA 4-4277; DOC 100.500 Offender Non-Discrimination; DOC 400.030 Security Guidelines for Wireless Portable Technology in Facilities; DOC 450.300 Visits for Prison Offenders; DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting; DOC 540.105 Recreation Program for Offenders; DOC 590.100 Extended Family Visiting; DOC 700.100 Class III Offender Employment and Compensation

**POLICY:**

I.    The Department will provide a means for offenders to marry or enter into state registered domestic partnerships during their incarceration.  The Department neither approves nor disapproves of offender marriage or domestic partnership. [4-4277]

    A.    Marriage between 2 offenders confined in Department facilities is prohibited.

II.   Offender marriages must comply with RCW 26.04.  Offender state registered domestic partnerships must comply with RCW 26.60.

III.  Applicants must adhere to the policy requirements to be considered for programs and privileges offered for married individuals/state registered domestic partners.

**DIRECTIVE:**

I.    Requirements

    A.    Offenders must be under Department jurisdiction for one year before beginning the marriage/state registered domestic partnership application process.

    B.    Offenders in Segregation or in an Intensive Management Unit (IMU) or Close Observation Area cannot initiate a marriage/state registered domestic partnership application.

    C.    Application processing may be suspended while an offender is in IMU or a Close Observation Area.

        1.    When the application process is suspended, a Chronological Event (chrono) will be entered in the offender's electronic file, and the documents will be scanned into the offender's electronic imaging file.  The original documents will be returned to the appropriate person.

    D.    Offenders who are boarders must have permission from the Out-of-State Department or the Regional Director of the Federal Bureau of Prisons.



| | STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY<br>**PRISON**<br>OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|---|
| | | REVISION DATE<br>7/27/17 | PAGE NUMBER<br>3 of 8 | NUMBER<br>**DOC 590.200** |
| **POLICY** | | TITLE<br>**OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

E.   Both the offender and the intended spouse/state registered domestic partner must be eligible to legally marry or enter into a state registered domestic partnership in Washington State.

F.   Eligibility for extended family visits will be determined per DOC 590.100 Extended Family Visiting.

II.   Marriage Application

A.   Both the offender and the intended spouse/state registered domestic partner must submit written intent to marry or enter into a state registered domestic partnership.

1.   The offender will send DOC 20-213 Marriage/State Registered Domestic Partnership Application for Intended Spouse/State Registered Domestic Partner Use to his/her intended spouse/state registered domestic partner. The form is also available on the Department's website at http://www.doc.wa.gov/.

2.   The intended spouse/state registered domestic partner will complete and submit the form to the offender's Counselor with the following documents attached:

a.   Copy of his/her photo identification,
b.   Certified copy of his/her birth certificate, and
c.   Certified copies of divorce/dissolution decrees for all prior marriages/state registered domestic partnerships, as applicable.

3.   The offender will complete DOC 20-214 Marriage/State Registered Domestic Partnership Application For Offender Use, attach a certified copy of his/her birth certificate and certified copies of divorce/dissolution decrees for all prior marriages/state registered domestic partnerships, as applicable, and submit them to his/her Counselor.

B.   The Counselor will process applications using DOC 20-443 Marriage/State Registered Domestic Partnership Process Checklist and will review the submitted documents to determine eligibility for marriage/state registered domestic partnership.

1.   Applications involving individuals who were a victim of the offender or found to have engaged in staff sexual misconduct as defined in DOC 490.800 Prison Rape Elimination Act (PREA) Prevention and Reporting should be highly scrutinized and may be denied.

Sandoval v. Obenland, 3:17-cv-05667-RJB-DWC
DEFS 98



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 7/27/17 | PAGE NUMBER 4 of 8 | NUMBER DOC 590.200 |
| **POLICY** | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

C.   The Facility Risk Management Team will decide whether the application process should continue.  If the application is denied, the Correctional Unit Supervisor will notify the offender and intended spouse/state registered domestic partner, in writing, of the reason for denial (e.g., failure to meet eligibility requirements).

D.   If approved to proceed, the offender must sign DOC 20-215 Marriage/State Registered Domestic Partnership Approval for Release of Information to allow his/her Counselor to provide written information to the intended spouse/state registered domestic partner regarding the offender's criminal history, current offense, and sentence timeline.

E.   The Counselor will provide the intended spouse/state registered domestic partner an updated Criminal Conviction Record (CCR) and an official description of the offender's current conviction.

F.   The intended spouse/state registered domestic partner must sign DOC 20-215 Marriage/State Registered Domestic Partnership Approval for Release of Information indicating s/he has read and understands the information received and still wishes to marry or enter into a state registered domestic partnership with the offender.

G.   The Correctional Unit Supervisor will send DOC 20-218 Marriage/State Registered Domestic Partnership Approval Routing and the following completed forms to the Superintendent/designee with copies of all birth certificates and divorce/dissolution decrees:

   1.   DOC 20-213 Marriage/State Registered Domestic Partnership Application For Intended Spouse/State Registered Domestic Partner Use,

   2.   DOC 20-214 Marriage/State Registered Domestic Partnership Application For Offender Use, and

   3.   DOC 20-215 Marriage/State Registered Domestic Partnership Approval for Release of Information.

H.   The offender will meet with the Superintendent/designee to discuss the marriage/state registered domestic partnership process.  The Superintendent has final approval for all offender requests to marry or enter into state registered domestic partnership.

   1.   The entire packet will be scanned into the offender's electronic imaging file after a final decision is made and the forms are signed.

III.   Counseling

Sandoval v. Obenland, 3:17-cv-05667-RJB-DWC
DEFS 99



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 7/27/17 | PAGE NUMBER 5 of 8 | NUMBER **DOC 590.200** |
| **POLICY** | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

A.  The offender and the intended spouse/state registered domestic partner will participate in counseling prior to marriage or entering into a state registered domestic partnership. The counseling will be conducted by the officiating clergy, if qualified, or a certified professional counselor obtained by the couple.

B.  The clergy or certified professional counselor will be provided with the offender's criminal history and complete DOC 20-444 Marriage/State Registered Domestic Partnership Counseling Requirements.

 1.  The couple will be responsible for any costs associated with the counseling.

 2.  The counseling will include a full disclosure of the offender's criminal history to the intended spouse/state registered domestic partner.

 3.  Minor children and other family members living in the home may be included in the counseling.

 4.  Counseling may be conducted by telephone or in person.

IV.  License/Certificate

A.  After the Superintendent has approved the marriage/state registered domestic partnership request, the intended spouse/state registered domestic partner is responsible for obtaining the license/certificate.

 1.  The intended spouse/state registered domestic partner will pick up the license application/declaration and send it to the offender, who will sign it in front of a notary public.

 2.  The offender will then return the license application/declaration to the intended spouse/state registered domestic partner, who will obtain the license/certificate.

V.  Ceremony

A.  A ceremony will be held for offender marriages in compliance with state statute. While not legally required, a ceremony will be offered to offenders entering into a state registered domestic partnership.

 1.  The facility Chaplain will supervise the arrangements of the ceremony, which will be performed by:

 a.  An outside officiant (e.g., magistrate, clergy, etc.) obtained by the offender and intended state registered domestic partner, or



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | REVISION DATE 7/27/17 | PAGE NUMBER 6 of 8 | NUMBER DOC 590.200 |
| **POLICY** | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

      b.    The facility Chaplain directly or a contract Chaplain or religious volunteer clergy, at his/her own discretion, consistent with state requirements and the requirements of his/her endorsing agency or religious group/denomination.

  2.    Any outside officiant must clear a National Crime Information Center (NCIC) background check and have Superintendent/designee approval based on the following:

      a.    An officiant performing a religious ceremony must:

        1)    Be qualified under RCW 26.04 to perform marriages in Washington State,

        2)    Have no felony convictions within the past 10 years, and

        3)    Submit a certified document verifying his/her authority to perform the ceremony as recognized by the offender's religious or faith-based organization, along with a current letter of appointment or a letter stating s/he is in good standing from the ordaining body or religious authority.

      b.    A member of the judiciary performing a civil ceremony must submit his/her letter of appointment or oath of office.

B.    The couple will be responsible for costs associated with the ceremony.

C.    The ceremony will be private and conducted without media coverage. In addition to the couple and officiant, the following individuals may attend the ceremony:

  1.    Ceremony participants required by the religion or faith-based organization of the offender or intended spouse/state registered domestic partner. Participants must clear an NCIC background check and require Superintendent/designee approval.

  2.    Children of the offender and/or intended spouse/state registered domestic partner.

  3.    A professional photographer, who must clear an NCIC background check and requires Superintendent/designee approval.

  4.    Up to 6 other attendees, as approved by the Counselor. Attendees must be on the offender's approved visitor list or be approved through the special visit process.

Sandoval v. Obenland, 3:17-cv-05667-RJB-DWC
DEFS 101



| STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| | **REVISION DATE** 7/27/17 | **PAGE NUMBER** 7 of 8 | **NUMBER** DOC 590.200 |
| **POLICY** | **TITLE** OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS | | |

     5.    One offender, if approved by the Superintendent/designee.

D.    All attendees must comply with dress standards in DOC 450.300 Visits for Prison Offenders.  Exceptions require Superintendent/designee approval.

E.    Any items brought into the facility by an outside officiant or attendee require approval from the Superintendent/designee in advance.  Religious items will be consistent with the requirements for allowable religious items per DOC 560.200 Religious Programs.

     1.    Unless religious in nature, items brought into the facility that are outside the visit guidelines are intended for the visitor only.

F.    The offender and intended spouse/state registered domestic partner must read, sign, and follow DOC 20-219 Acknowledgment of DOC 590.200 Offender Marriages and State Registered Domestic Partnerships.

G.    After the ceremony, the Superintendent/designee will complete the Authorized Marriage/State Registered Domestic Partnership Report section of DOC 20-218 Marriage/State Registered Domestic Partnership Approval Routing.  The form will be scanned into the offender's electronic imaging file, along with a copy of the certificate and/or license.

VI.    Photographs

A.    Photography will meet the following requirements:

     1.    The couple will be responsible for any costs associated with photography.

     2.    Offender photographers will comply with DOC 540.105 Recreation Program for Offenders and/or DOC 700.100 Class III Offender Employment and Compensation, as applicable.

     3.    Photographs will be reviewed for content and compliance with policy.

       a.    Photographs with suggestive or rude posturing, gang signs, or the appearance of gang affiliation will not be permitted.

       b.    Offenders will not be photographed with other offenders except with Superintendent/designee approval.

B.    If a digital camera is available at the facility, the intended spouse/state registered domestic partner may bring a memory card to use in the camera consistent with DOC 400.030 Security Guidelines for Wireless Portable Technology in Facilities.

|  STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS | APPLICABILITY **PRISON** OFFENDER/SPANISH MANUALS | | |
|---|---|---|---|
| **POLICY** | REVISION DATE 7/27/17 | PAGE NUMBER 8 of 8 | NUMBER **DOC 590.200** |
| | TITLE **OFFENDER MARRIAGES AND STATE REGISTERED DOMESTIC PARTNERSHIPS** | | |

**DEFINITIONS:**

Words/terms appearing in this policy may be defined in the glossary section of the Policy Manual.

**ATTACHMENTS:**

None

**DOC FORMS:**

DOC 20-213 Marriage/State Registered Domestic Partnership Application for Intended Spouse/State Registered Domestic Partner Use
DOC 20-214 Marriage/State Registered Domestic Partnership Application for Offender Use
DOC 20-215 Marriage/State Registered Domestic Partnership Approval for Release of Information
DOC 20-218 Marriage/State Registered Domestic Partnership Approval Routing
DOC 20-219 Acknowledgment of DOC 590.200 Offender Marriages and State Registered Domestic Partnerships
DOC 20-443 Marriage/State Registered Domestic Partnership Process Checklist
DOC 20-444 Marriage/State Registered Domestic Partnership Counseling Requirements

Sandoval v. Obenland, 3:17-cv-05667-RJB-DWC
DEFS 103

Gino Sandoval #283652

Exh - 3

---

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**POLICY**

| APPLICABILITY | PRISON/WORK RELEASE/FIELD OFFENDER MANUAL | |
|---|---|---|
| REVISION DATE | PAGE NUMBER | NUMBER |
| 1/21/13 | 1 of 2 | DOC 100.500 |

TITLE: **OFFENDER NON-DISCRIMINATION**

**REVIEW/REVISION HISTORY:**

Effective: 5/2/83
Revised: 10/1/85
Revised: 2/24/92
Revised: 4/28/04
Revised: 12/13/06
Revised: 11/12/2008
Revised: 11/9/09
Revised: 12/21/09
Revised: 11/8/10
Revised: 1/21/13

**SUMMARY OF REVISION/REVIEW:**

Adjusted language throughout for clarification

**APPROVED:**

Signature on file

BERNARD WARNER, Secretary
Department of Corrections

12/14/12
Date Signed

*[handwritten note:]* Note: The Doctrine of the equal protection exists to ensure the fair or fabulous promise of equal treatment under the law.

---

**STATE OF WASHINGTON**
**DEPARTMENT OF CORRECTIONS**

**POLICY**

| APPLICABILITY | PRISON/WORK RELEASE/FIELD OFFENDER MANUAL | |
|---|---|---|
| REVISION DATE | PAGE NUMBER | NUMBER |
| 1/21/13 | 2 of 2 | DOC 100.500 |

TITLE: **OFFENDER NON-DISCRIMINATION**

**REFERENCES:**

DOC 100.100 is hereby incorporated into this policy; RCW 49.60; RCW 70.94; Governor's Executive Order 96-04; ACA 4-4277; ACA 68-01; DOC 550.100 Offender Grievance Program

**POLICY:**

I. [4-4277][68-01] The Department prohibits discrimination or unfair/illegal treatment on the basis of national origin, race, color, religion, age, gender, marital status or status as a state registered domestic partner, sexual orientation, political views, status as a Vietnam era veteran, wartime veteran, or disabled veteran, or the presence of a physical, mental, or sensory disability.

II. Employees, contract staff, and volunteers will follow all applicable non-discrimination federal and state laws, regulations, and Executive Orders.

**DIRECTIVE:**

I. Non-Discrimination in Offender Work and Programing

A. The Department is committed to non-discrimination in offender programming and employment practices. Offender work/program supervisors will:

1. Help prevent discrimination from occurring by identifying practices or procedures that could have the effect of discrimination and take steps to eliminate the potential for discrimination, and

2. Prohibit discrimination when making room assignments and providing offenders access to programs. [4-4277]

II. Complaints

A. Offenders who believe they have been discriminated against may file a complaint per DOC 550.100 Offender Grievance Program.

**DEFINITIONS:**

Words/terms appearing in this policy may be defined in the glossary section of the Policy Manual.

**ATTACHMENTS:**

None

**DOC FORMS:**

None





STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
Classification Unit - Offender Change Division
P.O. Box 41128 ○ Olympia, WA 98504-1128

December 17, 2014

Lorenzo Sandoval, DOC 283632
Coyote Ridge Corrections Center
PO Box 769
Connell, WA 99326

Dear Mr. Sandoval:

I am responding to your letter received in the Headquarters Classification Unit on July 15, 2014. I apologize for the delay in responding; we are experiencing a high volume of correspondence. You write to appeal your placement in the Administrative Segregation (Ad-Seg). You state in your letter you were transferred to Ad-Seg to keep you separated from your intended spouse. You further mentioned you do not want to transfer to another facility.

Upon review of your electronic file, I note at your Custody Facility Plan review complete on July 17, 2014, by the Headquarters Community Screening Committee (HCSC), it was decided to maintain you at Minimum III custody, and to transfer you to Coyote Ridge Corrections Center pending the Headquarters Intelligence and Investigation Unit authorization. Please be advised the HCSC decisions are final and are not subject to appeal. Mr. Sandoval, per chronological entry dated July 30, 2014, you were on Ad-Seg due to waiting for transfer to another facility.

If you have any further questions regarding your custody level or facility placement please speak with your assigned classification counselor. They are in the best position to assist you, as all custody level and facility placements are initiated at the facility level.

Sincerely,

John Campbell, Corrections Specialist 4

JC:cb:28123

cc:     Offender's Electronic File

*"Working Together for SAFE Communities"*

1

1    UNITED STATES DISTRICT COURT

2    WESTERN DISTRICT OF WASHINGTON

3

4    BERNARDINO GINO SANDOVAL,      )   NO. 3:17-cv-05667-RJB-DWC
                                     )
5                    Plaintiff,      )
     vs.                             )
6                                    )
     MIKE OBENLAND, et al.,          )
7                                    )
                     Defendants.     )
8    _____)

9

10

11

12

13              DEPOSITION OF ALAN FRENCH

14        Taken at the instance of the Defendants

15

16

17              May 21, 2018

18              12:14 p.m.

19              11919 W. Sprague Avenue

20              Airway Heights, Washington

21

22

23         BRIDGES REPORTING & LEGAL VIDEO
           Certified Shorthand Reporters
24             1312 N. Monroe Street
           Spokane, Washington 99336
25         (509) 456-0586 - (800) 358-2345

32

1      A.     Vows to be loyal to each other, vows to be

2  happy with each other.

3      Q.     But that loyalty doesn't involve being

4  monogamous, correct?

5      A.     No.

6      Q.     All right.  I'm going to ask you just a few

7  more handful of questions.  So was Gino assisting you

8  with your criminal case?

9      A.     He wanted to help me out with making sure

10  that my LFOs were not affecting my pay at this time.  But

11  that's mostly it, you know.

12      Q.     Okay.

13      A.     I mean, a couple times he asked me if -- he

14  wanted to help with my criminal case, but I'm already

15  past the time bar, so there's no reason that would be

16  helping me at all, so.

17      Q.     Did you fill out a marriage application with

18  him in the Clallam Bay Corrections Center law library?

19      A.     We filled it -- I filled it out in my cell,

20  put my name on it, put my DOC, my address, all that stuff

21  in my room, and I gave it to him, and he took it.

22      Q.     Were you originally denied by your counselor

23  in the A Unit a marriage application?

24      A.     Yes.

25      Q.     And you don't recall the month or year that



EXH-E

(EVIDENCE OF RETALIATION)

CRCC/
Nathan Pilcher #846044
Airway Heights Corrections Center
PO Box 2049, ~~L-381~~ L-A-30-T
Airway Heights, WA. 99001    AHCC

George Golden #738292
CRCC/ H A-43-L
Affidavit
4/

SeParaTed
These TWO
aT: CRCC

Fed. Rules Evid.
Rule 614(a)
706(b)
28 U.S.C.A. §§ 1920, 242)
F.R.C.P. 54(d)

EXH-C

FROM: Mr. Gino Sandoval, #283632 MSC-NB-25
      CBCC 1830 Eagle Crest Way
      Clallam Bay, WA 98326-9724


TO: Bernard E. Werner, Secretary
    Washington State Dept'
    Of Corrections
    7345 Linderson Way SW, MS 41101
    Tumwater, WA 98501-1101


DATE: MAY 11th, 2014.


RE: <u>DOMESTIC PARTNER MARRIAGE.</u>


Mr. Werner,

I am respectfully writing you because I am being retaliated against and I am being denied to Marry another Offender here at the Clallam Bay Correctional Center.

It is legal for Domestic Partners to get Married in Washington State.

I am being harrassed and retaliated against because I am trying to get married to <u>Mr. Alan French</u>, DOC# 365436, who is being Kept and Separated from me.

It is a serious violation to deny me the right to marry my domestic partner and to retaliate and harrass me.

I am asking you to stop your Subordinates of CBCC from this treatment and place me and Alan together and allow us to marry.

I have the right to Petition the U.S. Federal Government for a Redress of my Grievances if this treatment does not stop and continues to deny me to marry my domestic partner.

Please investigate into this matter and allow us to marry.

My family can obtained an Attorney if this treatment does not stop against me and Alan for the denial to get married, a State Tort-Claim will be filed for Two Million Dollars.

I also want you to know This facility is in violation of numerous Civil Rights that your staff don't care about no matter what I say or do.

Well this is your notice of these issues.

I want to be with my Partner and stop the retaliation and harrassement.

Discrimination is prohibited.

Cordially,


CC:                    Mr. Gino Sandoval



EXH-1

STATE OF WASHINGTON
**DEPARTMENT OF CORRECTIONS**
P.O. Box 41100 • Olympia, Washington 98504-1100

June 2, 2014

Mr. Lorenzo Sandoval, DOC 283632
Clallam Bay Corrections Center
1830 Eagle Crest Way
Clallam Bay, Washington 98326-9724

Dear Mr. Sandoval:

This is in response to your letter to Secretary Warner dated May 11, 2014.

Our records indicate that you received a marriage application packet from your counselor on May 16, 2014. Once completed, and submitted, requirements will be reviewed and eligibility will be determined. Please be aware that one of the requirements to marry is that the intended spouse must be on the approved visit list.

While you allege retaliation, the counselor has fulfilled his obligation to provide you with a marriage application packet.

Further details about the marriage application process are outlined in DOC policy 590.200, Offender Marriages and State Registered Domestic Partnerships. The process requires a lot of involvement with your Counselor and the Chaplain. I would suggest that you review the policy and if you have further questions, speak to your counselor or the Chaplain for clarification.

Sincerely,

Stephen Sinclair, Assistant Secretary
Prisons Division

SS: lw: SEC-13200
cc:   Sandra Diimmel, Associate Superintendent
      Donald Duncan, Chaplain
      Vance Adamire, Classification Counselor
      Christopher Lewis, Classification Counselor
      Offender file (283632)

*" Working Together for SAFE Communities"*

recycled paper

Exh-G, 1

FROM: Lorenzo Sandoval
         #283630/CBCC/EE01
         1830 Eagle Crest Way
         Clallam Bay, WA 98326

CC:

RECEIVED

JUL 17 2014

HQ GRIEVANCE

TO: Grievance Program Manager
    Offender Grievance Program
    Department of Corrections
    P.O. Box 41129
    Olympia, WA 98504-1129

DATE: JULY 11th, 2014.

RE: Grievance #14565939. APPEAL.

        Sir, I filed the following Grievance's:
#14565939, #14565859, and #14565861, against CBCC
staff/employees for their individual actions against me.
I was informed to rewrite on ~~~~ 7/7-8/14,
and to combined all three grievances as one. I did as
requested on 7/9/14. On 7/11/14 the grievance returned
as Not-Grievable as claiming I had already addressed
this issue in #14562655. I do Not have a grievance
with this number, but for the sake of argument if he
is referring to #14562653, This grievance challenges
Doc Policy 590.200.
        The Grievance Coordinator is protecting the 3 officials
from being grieved, and sued at a later time for their
unlawful action, by denying me to exhaust.
        Since I've been in CBCC/IMU I have been denied
grievance forms, to submit appeals/responses, and my
grievance's are being incorrectly denied as Not-Griev-
able. I'm asking to Review what I have said
and Re-open the above 4 grievances Please.
        Thank ya

CC:

(Sandoval, Lorenzo v. Obenland et al) SUBPOENA DUCES
DEFS 26

EXH 64 of 69

| | LOG I.D. NUMBER/*NUM. DE REGISTRO* |
|---|---|
| | **14562653** |



Department of
# Corrections
WASHINGTON STATE

**LEVEL I - INITIAL GRIEVANCE**
*NIVEL 1 - QUEJA INICIAL*

| Name:<br>*NOMBRE:* | Last<br>*APELLIDO*<br>**Sandoval** | First<br>*PRIMERO NOMBRE*<br>**Lorenzo** | Middle<br>*2DO NOMBRE*<br>**Gino** | DOC Number<br>*NUMERO DOC*<br>**283632** | Facility/Office<br>*FACILIDAD*<br>**CBCC** | Unit/Cell<br>*UNIDAD/CELDA*<br>**HB25** |
|---|---|---|---|---|---|---|

| PART A - INITIAL GRIEVANCE/*PARTE A - QUEJA INICIAL* | Date Typed | 6/19/14 | Date Due | 6/19/14 |
|---|---|---|---|---|

**I WANT TO GRIEVE /** *QUIERO QUEJARME DE*: I did not agree to resolved theis grievance informally. I completely disagree with response. According to DOC Policy 550.100 I am allowed to file grievances that 1. Policies, rules, and procedures enforced within the facility, field offices, or the Department of Corrections; 2. Application of policies, rules, and procedures. The grievance I filed is a grievable issue and is being swept under the rug to avoid having to acknowledge and change a policy that violates state and U.S. Federal Constitutional rights and statutes compliance with the Prison Litigation Reform Act of 1996 Exhaustion requirements prior to seeking redress in a court of law. I want the same remedy as originally requested.  Have a nice day now.

**SUGGESTED REMEDY /** *REMEDIO SUGERIDO*:

| /s/ M. Holthe | 6/5/14 | /s/ Lornezo Sandoval | 6/3/14 |
|---|---|---|---|
| Grievance Coordinator Signature<br>*FIRMA DE COORDINADOR DE QUEJAS* | Date<br>*FECHA* | Grievant Signature<br>*FIRMA DE QUEJANTE* | Date<br>*FECHA* |

| PART B - LEVEL I RESPONSE / *PARTE B RESPUESTA PRIMER NIVEL* |
|---|

In response to your complaint I reviewed DOC Policy 590.200 Offender Marriages and State Registered Domestic Partnerships, RCW 26.04.190 Refusal of license - Appeal, and DOC 450.300 Visits for Prison Offenders.

A review of DOC 450.300 shows that persons with a criminal records will not automatically be excluded from visiting. In determining whether to approve a person with a criminal record, the nature and extent of his/her total criminal record, including recent criminal activity, will be weighed carefully against the benefits of visition. This procedure applies to "all" respective visitors. It is further noted that visit rejections has an appeals process. A review of RCW shows that there is also an appeals process for denial of marriage license.

A review of your initial complaint does not indicate that you have submitted a visitors request form in which to add another offender to your visitors list therefore such visitation has not been denied nor any decision appealed. It is further noted that you have not submitted documents necessary for obtaining a marriage license thereby you have not exhausted the process which includes an appeals process in accordance with RCW 26.04.190. Because you have not attempted to add another offender to your visit list or applied for a marriage license, your complaint is based on an assumption and that no actual denial of visitation has occurred. In accordance with the Prison Litigation Reform Act of 1996, you need to exhaust all processes responsive to your complaint.

| M. Holthe | 6/19/14 |
|---|---|
| Grievance Coordinator Signature<br>*COORDINADOR DE QUEJAS* | Date<br>*FECHA* |

You may appeal this response by submitting a written appeal to the Coordinator within five (5) working days from date this response was received.
*Ud. puede apelar esta respuesta al someter una apelación por escrito al coordinador dentro de cinco (5) días de trabajo de la fecha en que esta respuesta fue recibida.*

Sandoval v. Obenland, 3:17-cv-05667-RJB-DWC
DOC 590.100
DEFS 23

REC'd
7-28-14.

EXH-
- F-1



**STATE OF WASHINGTON**
DEPARTMENT OF ENTERPRISE SERVICES – OFFICE OF RISK MANAGEMENT
*1500 Jefferson Street PO Box 41466, Olympia, Washington 98504-1466*
*(360) 407-9199    www.des.wa.gov*

July 24, 2014

Lorenzo Sandoval 283632
Clallam Bay Correction Center
1830 Eagle Crest Way
Clallam Bay, WA. 98326-9724

RE: Tort Claim # 31081108

Dear Mr. Sandoval:

The Department of Enterprise Services, Office of Risk Management, has reviewed the tort claim filed against the state of Washington on July 15, 2014. Your claim alleges that in May, 2014 you submitted a request to be allowed to marry Alan French, another inmate at Clallam Bay Correction Center and that the Department of Corrections (DOC's) denial of your request violated you rights under US and state constitutions. You also asserted that you were retaliated against for making this request.

Our review indicates that the denial of your request was in compliance with DOC policy 590.200 – Offender Marriages and State Registered Domestic Partnerships. Our review also indicates that the actions taken after receipt of this application were not retaliatory and were in compliance with applicable DOC policies.

Our review does not support a finding upon which to base any payment, as required under Chapter 4.92 RCW. Your tort claim against the state of Washington is respectfully declined.

Sincerely,

Bruce Lemon

Bruce Lemon
Senior Case Manager
Office of Risk Management

EXH-
F-2

... filed a marriage application form in accordance with DOC Policy 590.200 (Marriage) and 450.300 (Visitor's) a (Visitor Questionaire Form), as required to get married while incarcerated, and in accordance with Washington State law Chapter RCWS 26.04.et.seq (Same Sex Marriage).

ON JUNE 26,2014, I was intentionally retaliated and discriminated against by Carroll E. Riddle, Mike R. Obenland, and S. Dimmel, of the Clallam Bay Correctional Center, by placing me in segregation and retaining me to keep me separated from my intended spouse (Alan R. French), for submitting both forms (Marriage Application) and (Visitor's Questionaire application).

ON JULY 2, 2014, MR. Obenland prematurely denied my marriage application form, while me and my intended spouse were in the process of obtaining our certified copy of our birth-certificates, and a certified copy of a photo identification.

MR. Obenland's reason for his denial states:
"In reviewing DOC Policy 590.200 states the intended spouse/state registered domestic partner must be on the Offender's approved visit list. Your intended spouse is not eligible to be placed on your visit list. Your request to get married is denied, due to ineligibility."
DOC Policy Directive's 590.200 (Marriage) and 450.300 (Visits) denies me the right to marry it violates Washington State law Chapter RCWS 26.04.et.seq (Same Sex Marriage); Washington State Constitution Article I, Section 12, and the United States Federal Constitution's Fourteenth Amendment (Equal Protection of the law). (Procedural due process of the law). (Life and liberty) and of the Bill of Rights.
Marriage is a fundamental liberty interest.

ON JULY 4th, 2014, I filed my appeal of the marriage denial to the Secretary of the Department of Corrections MR. Bernard E. Warner. I have filed grievance's to change the policies #14562653, #14564882; #14565741; and #14565937. I was denied to submit two (2) rewrites and the other (2) were considered "Not Grievable". I have filed additional grievance's against the 3 officials mentioned in this claim, #14565939, #14565857; and #14565861, which are still pending. The first 4 grievances have an appeal process so were not necessary, but I have filed another grievance for being denied grievance forms to rewrite, #14562653, and #14564882. I was retaliated and discriminated against for exercising my state and United States Federal Constitutional rights for trying to marry my intended spouse (Alan R. French) who also is incarcerated presently at the same prison facility Clallam Bay, Correctional Center.
I filed this tort for $3 million dollars, prior to seeking redress under RCWS 4.92.090, for damages of denying me to marry, and retaliation and ⟶ XX

XX discrimination for trying to get married and for a declaratory judgement and injunctive relief to change the unlawful DOC Policies 90.200 and 450.300 which denies me the right to marry.

MY COPY    STATE
COURT Next

## DECLARATION OF SERVICE BY MAILING

I, MR. BERNARDINO Cino Sandoval, PERSONALLY deposited into the UNITED STATES Mail, PREPaid FIRST CLASS Mail OF the FOLLOWING: APPENDIX, PlaINTIFF'S RESPONSE IN-OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (NOTED: 09/07/18) AFFIDAVIT-X, (CONTENTS IN — APPENDIX FOR COURT ONLY).

Mailed TO: CLERK, UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
1717 Pacific AVE, RM 3100
Tacoma, WA 98402-3200

Mailed TO: Candie M. Dibble, WSBA #42279
ASSISTANT ATTORNEY General
(SPOKANE CORRECTIONS-DIVISION)
1116 West Riverside AVENUE, STE-100
SPOKANE, WA 99201-1106

I, MR. BERNARDINO G. Sandoval, CERTIFIES UNDER PENALTY OF PERJURY UNDER the laws OF the STATE OF Washington, RCW §9A.72.085, and TO The laws OF The UNITED STATES OF AMERICA, 28 U.S.C. §§ 1746, That The aforemention-ed is True and CORRECT.

DATED: AUGUST 13, 2018.          M. Bernardino Sandoval
                                 BKG# 218007343 / E-0331 / PRO-Se
                                 King Co. Jail (KENT-RJC)
HC:                              620 West James STREET
                                 KENT, WA 98032.

CASE NO. 3:17-CV-05667-RJB-DWC.

1343

Name: BERNARDINO SANDOVAL
Dept: 2A8007349/E-1362
King County Correctional Facility
620 West James Street
Kent, WA 98032

LEGAL MAIL

Clerk, United States District Court
United States Courthouse
1717 Pacific Ave. RM 3100
Tacoma, WA 98402-3200

FOR LEGAL MAIL ONLY

LEGAL MAIL