UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNARDINO GINO SANDOVAL,<br><br>Plaintiff,<br><br>v.<br><br>MIKE R OBENLAND, SANDRA L DIIMMEL, BERNARD E WARNER, BELINDA STEWART, STEPHEN SINCLAIR, SCOTT FRAKES, DEPARTMENT OF CORRECTIONS HEADQUARTERS INTELLIGENCE AND INVESTIGATION UNIT OFFICERS, DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CASE NO. 3:17-CV-05667-RJB-DWC<br><br>ORDER |

  The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff Bernardino Gino Sandoval to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff's "Names of Defendants John and Jane Does," which the Court interprets as a Motion to Amend the Complaint to substitute the names of John and Jane Doe defendants with named

ORDER - 1

individuals. Dkt. 62. The Court concludes Plaintiff has failed to attach a proposed amended complaint to his Motion. Therefore, the Motion is denied without prejudice.

**I.     Background**

In the Complaint, Plaintiff, an inmate currently housed at the King County Jail, alleges his constitutional rights were violated when Defendants denied him the right to marry another inmate and retaliated against him. *See* Dkt. 1. Plaintiff named Department of Corrections Headquarters Intelligence and Investigation Unit Officers John and Jane Does ("I & I Officers") in the Complaint. *See id*. In the Motion, Plaintiff now identifies the names of the I & I Officers and requests the Court serve the now-named John and Jane Doe defendants. Dkt. 62.

Plaintiff initiated this lawsuit on August 24, 2017. Dkt. 1.[1] The named Defendants[2] were served and filed an Answer on January 31, 2018. Dkt. 5, 14. The I & I Officers have not been served because they have not been identified. *See* Dkt. 20. On June 26, 2018, the named Defendants filed a Motion for Summary Judgment. Dkt. 50. Plaintiff filed the current Motion on August 8, 2018. Dkt. 62.

**II.    Discussion**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) *Amending as a Matter of Course*
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[1] Because Plaintiff paid the filing fee and was not incarcerated when he initiated this lawsuit, the Court did not screen his Complaint under 28 U.S.C. § 1915.
[2] The named Defendants are: Department of Corrections, Sandra Diimmell, Scott Frakes, Mike Obenland, Stephen Sinclair, Belinda Stewart, and Bernard Warner.

> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff initiated this case on August 24, 2017 and the named Defendants filed an Answer on January 31, 2018. Dkt. 1, 14. Thus, the time has expired for filing an amendment as a matter of course and Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. Therefore, to amend the Complaint to substitute defendants, Plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Under Local Civil Rule 15, "[a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation." Here, Plaintiff did not attach a proposed amended complaint to the Motion. As such, Plaintiff has not complied with the Local Rules. Furthermore, Plaintiff did not clearly identify John and Jane Doe defendants in the Complaint. *See* Dkt. 1. Plaintiff provided only vague, conclusory allegations against the I & I Officers and did not name any John or Jane Doe defendants individually in the Complaint. *See id*. Therefore, the Court cannot simply substitute the I & I Officers in the Complaint for the now-named I & I Officers.

### III. Conclusion

For the above stated reasons, the Motion (Dkt. 62) is denied without prejudice. If Plaintiff still wishes to seek leave from the Court to amend his Complaint, he may file a motion to amend with an attached proposed complaint on before September 20, 2018.

The proposed amended complaint should be a simple, concise, and direct statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). The amended complaint, if allowed, will completely replace the Complaint.

If Plaintiff is given leave to amend and an amended complaint is filed, the pending Motion for Summary Judgment will be mooted. *See, e.g.*, *Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint). However, if an amended complaint is not filed, the Court will consider the Motion for Summary Judgment.

Therefore, the Clerk is directed to re-note the Motion for Summary Judgment (Dkt. 50) for consideration on October 12, 2018. The Clerk is also directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 21st day of August, 2018.

David W. Christel
United States Magistrate Judge