UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BERNARDINO GINO SANDOVAL,

    Plaintiff,

v.

MIKE OBENLAND, et al.,

    Defendant.

CASE NO. 3:17-cv-05667-RJB-DWC

ORDER FOR SUPPLEMENTAL BRIEFING

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Defendants' Motion for Summary Judgment ("Motion"). Dkt. 50.

Plaintiff Bernardino Gino Sandoval alleged in his Complaint his constitutional rights were violated when he was denied the ability to marry a fellow prisoner. Dkt. 1. He argues, first, his fundamental right to marriage was infringed because the Department of Corrections has a policy that unlawfully prevents same-sex marriage, and, second, he suffered retaliation when he was subsequently placed in administrative segregation. *Id*. at pp. 5-6. Though Plaintiff did not explicitly invoke any constitutional provision, his Complaint appeared to raise claims under the

First and Fourteenth Amendments. Dkt. 1. However, he also included allegations he suffered mental and physical pain as a result of being denied his ability to marry. *Id*. at pp. 6-7. Defendants filed their Motion, arguing Plaintiff had not shown either his fundamental right to marriage had been unlawfully infringed, or that he was retaliated against. Dkt. 50. Defendants also argued they are entitled to qualified immunity from monetary liability. *Id*. Defendants did not address Plaintiff's allegations that he suffered mental and physical pain. *See id*.

Plaintiff has now filed a Response addressing the arguments contained in Defendants' Motion. Dkt. 63. However, he also stated "Defendants have not raised in their Motion for Summary Judgment Plaintiff's Eight Amendment Claim. Therefore, they have waived by conceding not addressing [sic] the issue. (Re: Mental & Physical Pain)." *Id*. at 2. The Court interprets this passage as clarification that, along with claims under the First and Fourteenth Amendments, Plaintiff attempted to raise an Eighth Amendment claim in his original Complaint.

Because Defendants did not address the Eighth Amendment claim in their Motion, and because Defendants have not filed a Reply in support of their Motion, the Court has not yet had the opportunity to hear Defendants' position on Plaintiff's apparent Eighth Amendment claim. Having reviewed the Parties' filings and the record, and because Defendants request the entire case be dismissed in their Motion, the Court concludes justice requires that Defendants have the opportunity to address Plaintiff's Eighth Amendment argument before the Court makes a determination on Defendants' Motion.

Therefore, the Court directs Defendants to provide supplemental briefing addressing only Plaintiff's apparent Eighth Amendment claim regarding the pain he allegedly suffered as a result of being denied the ability to marry a fellow prisoner. *See* Dkt. 1, pp. 6-7. Defendants may file

their supplemental briefing on or before November 30, 2018. Plaintiff will then have the opportunity to respond to Defendants' supplemental briefing on or before December 28, 2018.

The Clerk is directed to re-note Defendants' Motion (Dkt. 50) for December 28, 2018.

Dated this 7th day of November, 2018.

David W. Christel
United States Magistrate Judge